G. G. STUMBO ET AL., APPELLEES, v. JOHN E. SEELEY ET AL., APPELLANTS.

**Mills and Mill Dams:** NUISANCE: INJUNCTION. In an action by the owner of a mill propelled by water, to enjoin the owner of another mill erected below him on the same stream from raising his dam to such a height as to back the water upon his mill wheels, the testimony showed that the back-water from the lower dam when it was first erected did not reach within two hundred yards of the plaintiff's mill, and that afterwards the back-water extended to and impeded the operation of the wheels of such mill, there being considerable fall between. *Held,*

That while there was no testimony as to the height of the lower dam when first erected, or at the time of the trial, yet it did clearly appear that the back-water on the plaintiff's mill was the direct result of raising the defendant's dam, and that the plaintiffs were entitled to an abatement of the nuisance and to an injunction.

APPEAL from the district court of Richardson county. Heard below before BROADY, J.

*Martin & Gilman* and *E. W. Thomas*, for appellants, cited: *K. P. R. R. Co. v. Mihlman*, 17 Kan., 225. *Powers v. Council Bluffs*, 45 Iowa, 652. Angell Limitations, 300.

*Isham Reavis* and *T. M. Marquett*, for appellees, cited: *Cobb v. Smith*, 23 Wis., 261. *Seeley v. Bridges*, 13 Neb., 547. *Middleton v. Flat River Booming Co.*, 27 Mich., 533.

MAXWELL, J.

The plaintiffs are the owners of a grist-mill at the falls of the Nemaha river, in Richardson county, and the defendants are possessed of a grist-mill on the Nemaha river, about two miles below that of the plaintiffs, and this action is brought by the plaintiffs to enjoin the defendants from raising their dam so as to back the water of said river on the water wheels of the plaintiffs' mill, and for damages sustained by backing the water of the river upon the plaintiffs' wheels. On the trial of the cause the jury returned a verdict as follows: "We, the jury in this case, being duly impaneled and sworn, do say that we find all the issues in this cause with the plaintiffs, and we do assess their damages at the sum of ($25) twenty-five dollars.

"M. L. LIBBEE,
"*Foreman.*"

The court also submitted to the jury certain questions, which with their answers are as follows:

"When the Hinton dam was built, how far back to-wards the Stumbo mill did it flow the water in the river? Within or about 200 yards of the Stumbo mill.

"Was there a ripple or riffle in the river below the Stumbo mill after the Hinton dam was built? Yes.

"How near the Stumbo mill did the Hinton dam flow the water back immediately after it was first built? Within or about 200 yards of the Stumbo mill.

"Has the water in the river below the Stumbo mill been backed up any further at any time since the Hinton dam was first built? Yes.

"If you answer the foregoing question in the affirma-tive, state to what extent the water has been deepened on the ripple or riffle immediately below the Stumbo mill? From six to twelve inches.

"Has Hinton added anything to his dam in the way of building it higher? Unable to decide from evidence.

"What effect did the lowering of the water in Hinton's dam have upon the water of the riffle immediately below the Stumbo mill? It drew the backwater from off the riffle.

"Has the Hinton dam flowed the water back upon the ripple or riffle below the Stumbo mill since 1881? Yes.

"Did the Hinton dam flood the Stumbo ripple or riffle previous to 1881? No.

"Would the lowering of the water in the dam of Hinton affect the depth of the water on the riffle below the dam of Stumbo? Yes.

"When the water in Hinton's dam was drawn off in August, 1884, did it lower the water on the Stumbo riffle and around their mill wheel? Yes.

"Would the drifts in the river place back the water on the Stumbo mill if the Hinton dam was not in existence? No.

"Has Mrs. Marilla Hinton and John Hinton been in possession of the mill in question in this case for any

length of time before the commencement of this suit, and
if you do so find, state how long they have occupied the
same?   Yes, about five years.

" Have Hinton and wife occupied and operated said mill
claiming it as their own?   They claim it only by right of
possession.

" Do said parties now occupy said property claiming it
as their own?   No.

"M. L. LIBBEE,<br>
"<i>Foreman</i>."

The following questions and answers were also returned:

" Has the dam of defendant been raised or maintained
at any time within ten years next before May 19, 1884,
to a greater height than it was kept at before that time?
Unable to decide.

" When was the dam at defendants' mill erected, and
did said dam when so erected and maintained in 1869,
1870, and 1871, back water upon the mill wheel at the
Stumbo mill?   From 1869 to 1871.   No.

" When did defendants take possession of the Hinton
mill?   About April, 1879.

" Have the defendants since taking · possession of the
mill built the dam to a greater height than it was when
they got possession?   Unable to decide according to evi-
dence.

"M. L. LIBBEE,<br>
"<i>Foreman</i>."

A motion for a new trial was thereupon filed by the de-
fendants and overruled, and judgment entered as follows:
" It is therefore ordered, adjudged, and decreed by the
court, that said plaintiff have judgment against said de-
fendants for the sum of twenty-five dollars, and the costs
of this action, taxed at $——, and that they have exe-
cution therefor.   And it is further ordered, adjudged, and
decreed by the court, that the defendants and each of them
be, and they are forever enjoined from flowing the water

in the Nemaha river, on which the respective mills of the parties are situated, back and upon the mill wheel of the plaintiffs, situated on said river above the mill of said defendants, and from doing any act to prevent the easy and natural flow of the water in said river from the mill wheel of said plaintiffs, and that the injunction prayed for by said plaintiffs in that behalf is hereby granted and made perpetual."

The defendants, although having laid a foundation for a review upon error, now bring the cause into this court by appeal. The principal ground relied upon for reversal is, that the verdict and judgment are not sustained by the evidence.

The testimony tends to show that, about the year 1862, the plaintiffs erected a dam across the Nemaha river at a place known as the Falls, and a grist-mill propelled by the water of that river, and that they have continued in the possession of the property until the present time; that about the year 1869 or 1870, one Thacker erected a dam across the Nemaha river at a point about two miles below that of the plaintiffs, and erected a grist-mill which was propelled by the water of that river. The undisputed testimony shows that, at the time the defendants' dam was erected, it did not cause the water to back up within two hundred yards of the plaintiffs' mill, and that there was a considerable fall and a riffle between the plaintiffs' mill and the dead water in the defendants' dam. This seems to have continued until the year 1881. In the latter year the river was very high and injured the dam of the defendants, and it is claimed changed to some extent the course of the river, by washing in the banks and by fallen trees. Since that time the water from the lower dam has been backed upon the wheels of the plaintiffs' mill. There is no direct testimony as to the exact height of the defendants' dam when it was first erected, nor of its exact height at the time of the trial; therefore the jury seem to have supposed that

there was no evidence to enable them to answer the questions which they failed to answer. It does appear, however, that the defendants' dam has been constantly repaired, and there is no claim that the volume of water in the river has increased nor that the relative height of the plaintiffs' and defendants' mills has been changed. It would therefore seem to follow that when the backwater from the defendants' mill-dam extended farther up the stream, so as to impede the operation of the plaintiffs' water wheels, it must have done so because of the raising of the defendants' dam. That such backwater was the result of increasing the height of the defendants' dam, is the only inference admissible from the testimony, and the jury would not have been warranted in finding otherwise. It is apparent that justice has been done, and the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.