## CITY OF SOUTH OMAHA v. EBENEZER G. HAGER.*

FILED DECEMBER 17, 1902.   No. 12,398.

Commissioner's opinion, Department No. 2.

**Instruction:** OMISSION OF MATERIAL ELEMENT.   Where an instruction assumes to define the whole law of the case, and omits a material element from the definition given, it is reversible error, which may be relied upon, although no proper instruction has been requested by the party seeking to take advantage of the defect.

ERROR from the district court for Douglas county. This was a proceeding in the nature of case, against a municipal corporation, for personal injuries. Tried below before BAXTER, J. Verdict for plaintiff in the sum of $1,000. Judgment on the verdict. Defendant brings error. *Reversed.*

*Lambert,* for plaintiff in error.

*Murdock, contra.*

OLDHAM, C.

This was an action for personal injuries alleged to have been received by the plaintiff in the court below by driving into a ditch in one of the streets in the city of South Omaha, Nebraska. The petition was carefully drawn and stated on its face a good cause of action. The answer of the city was a general denial and plea of contributory negligence. On issues thus joined, there was a trial in the court below to a jury, verdict for plaintiff for $1,000 damages, judgment on the verdict, and defendant city brings error to this court.

* Rehearing allowed.   Judgment of reversal adhered to.   See opinion, page 805, *post.*

Numerous errors in the proceeding in the court below are called to our attention in the brief of the city, only one of which, however, we think requires serious attention.

In plaintiff's petition it was properly charged that the dangerous condition of the street which occasioned the injury had existed for such a length of time as to impute notice to the city of the defect. Evidence was introduced by plaintiff in the court below tending to support this issue, but in the instructions given by the trial court the question of notice of the defect was entirely omitted, and in the seventh paragraph of instructions it was said:

"The court instructs you that a municipal corporation, such as the defendant, is bound to keep its streets in a reasonably safe condition for public travel in the ordinary mode, and if it fails to do so, and a person driving thereon is injured by reason of such failure, the city is liable for such injuries unless the person injured was guilty of negligence which contributed to his injuries."

Here was an instruction that plainly assumed to cover the entire question of liability of the city for injuries received by one driving on a defective street; but a necessary ingredient of the liability—that of notice of the defect— was omitted from the instruction.

It is contended, however, by counsel for plaintiff in the court below, that this instruction was, at most, but a vague and imperfect one, which did not charge on all the issues in the case, and that if the city desired to avail itself of the objection to this instruction, it should have first requested one properly stating the law. If it were true, as assumed, that this instruction was merely an imperfect and vague declaration on part of the issues, the contention of plaintiff below would be fully supported by the authorities, and the failure of the city to ask for a fuller and more perfect instruction would foreclose its right to complain of the one given. But as we view this instruction, it clearly assumed to cover the entire question of the liability of the city in the case at bar, and assuming to do so, omitted a material element. The instruction just set out tells the

jury emphatically that if the city fails to keep its streets in a reasonably safe condition for travel in the ordinary mode and a person driving on the streets is injured by such failure, then the city would be liable; unless the person injured was guilty of contributory negligence. This is not the whole law covering the liability of a city for injuries received on defective streets and sidewalks, and the giving of this instruction brings the case clearly within the rule announced by this court in *City of Plattsmouth v. Boeck,* 32 Nebr., 297, and *City of York v. Spellman,* 19 Nebr., 357.

As this case will have to be tried again, we think it well to suggest another imperfection in the instructions, and that is that they fail to state that the burden is on the plaintiff to prove each of the material allegations of his petition. The instructions in the case properly set out what the issues are, and properly place the burden of proving negligence on plaintiff, but as to the burden of proving the other allegations of plaintiff's petition, the jury was left without any direction.

It is therefore recommended that the judgment of the district court be reversed and the cause remanded.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.

The following opinion on rehearing was filed May 20, 1903. *Judgment of reversal adhered to:*

Commissioner's opinion, Department No. 2.

1. **Defective Instruction as to Facts.** Where a jury is told that the defendant is liable upon a given set of facts, and a fact in issue, necessary to such liability, is omitted, a verdict for the plaintiff will be set aside, unless the evidence requires a finding adverse to the defendant upon the issue as to such fact.

2. Defective Instruction as to Law. Where an instruction assumes to define the whole law of the case, and omits a material element from the definition given, it is reversible error, which may be relied upon, although no proper instruction has been requested by the party seeking to take advantage of the defect, unless such instruction is justified as indicated in the foregoing paragraph.

3. Erroneous Instruction. Record examined and the instruction given and complained of herein, is *held* to be erroneous and prejudicial under the rule announced.

GLANVILLE, C.

This case is before the court upon rehearing, after being once reversed by the opinion found *ante,* page 803, where the rule announced in the syllabus is: "Where an instruction assumes to define the whole law of the case, and omits a material element from the definition given, it is reversible error, which may be relied upon, although no proper instruction has been requested by the party seeking to take advantage of the defect."

The defendant in error combats this rule, as being contrary. to the previous decisions of this court, and further contends that the instruction disapproved is not erroneous because the trial court was justified in taking the omitted issue from the jury on the ground that the evidence is so conclusive of this issue against the plaintiff in error.

Paragraphs 4, 5 and 11 of the petition in the lower court contain all that is given as descriptive of the defect in the street complained . of, and the charge of negligence and notice. They are as follows:

"4. Plaintiff further alleges that said defendant city has failed and neglected to keep that part of its streets known as H street between 25 and 27 street, and more particularly immediately adjacent to and west of the west line of 26th street open and in repair, and in a safe and passable condition, and this plaintiff further alleges that said. defendant city, willfully and negligently permitted a gutter or depression about a foot deep to exist and re-

main in said H street immediately adjacent to and west of the west line of 26th street, that said gutter or depression existed in and across H street, at right angles therewith, and formed a hole or depression about one foot deep, and sloping from the bottom thereof to the surface of the street and thus formed a ditch or depression crossing H street at right angles therewith.

"5. Plaintiff further alleges that said gutter or depression was caused by the negligent acts of the city in permitting water to run across the said street at right angles therewith, and washing away a portion of the bed or body of earth forming the street at this place, that said gutter had existed at said place aforesaid for a long time prior to the 30th day of August, 1899, and that the said defendant city has due notice thereof.

"11. Plaintiff further alleges that said defect has existed in said street for so long a time prior to the 30th day of August, 1899, that the said defendant city had actual and constructive notice of the existence thereof, and that the injuries received by this plaintiff as hereinbefore set forth were due to the negligence of said defendant city in not keeping said street open and in repair, and in a safe and passable condition and not through any fault or neglect of this plaintiff."

We will first consider the question of the correctness of the rule announced in the former opinion, assuming for the purpose of its discussion, that in the existing state of the evidence the question of notice should have been left to the jury. The instruction held in the former opinion to be fatally wrong, is as follows:

"The court instructs you that a municipal corporation, such as the defendant, is bound to keep its streets in a reasonably safe condition for public travel in the ordinary mode; and if it fails to do so, and a person driving thereon is injured by reason of such failure, the city is liable for such injuries unless the person injured was guilty of negligence which contributed to his injuries."

It will be noticed that this instruction is neither in-

complete, vague nor uncertain. It is a direct, positive charge that upon a given state of facts the city would be liable, when, under the law, the city is not liable upon the existence of such facts only. We are unable to understand how the defendant could frame an instruction that would correct the error, if the one in question was allowed to stand. One stating the law correctly would be a direct contradiction of the one given, and tell the jury that the city would not be liable on a certain state of facts, upon which state of facts the court, against the exceptions of the defendant, had told the jury it would be liable. The giving of a correct instruction which is contradicted by an erroneous one will not cure the error, for the jury may act upon either, or be misled or confused thereby. The error in the present case is not non-direction, but a positive misdirection. This court has held that "an erroneous instruction is not cured by merely giving another instruction stating the law correctly." *Chicago, B. & Q. R. Co. v. Oyster*, 58 Nebr., 1.

It is urged that instruction No. 8 cures the error in No. 7. No. 8 is as follows:

"You are instructed that if you find from the evidence that the plaintiff was injured in the manner and form as alleged by him in his petition, and if you further find that such injury or injuries to his person were directly or proximately caused by or through the negligence of the defendant, and you find from the evidence that the plaintiff was not guilty of negligence or want of ordinary care on his part which contributed to such injuries, then you should find for the plaintiff and award him such compensation for his said injuries, as you may find from the evidence, under the instructions of the court, he sustained, not exceeding, however, the sum of $5,000 and interest, the amount of damages prayed for."

It will be seen that this, in effect, orders a verdict for plaintiff if he was injured as alleged, and the injury was caused by the negligence of the city without plaintiff's contributory negligence. This does not even tend to cure

the mischief of instruction No. 7.  To find what would be such negligence as would make the city liable, the jury would look to•No. 7, and there they would be instructed that the negligence consisted of permitting the defect to exist, not in permitting it to continue after notice of its existence.

Instruction No. 10 has no bearing on the question.  It is an instruction for defendant, if the plaintiff was guilty of contributory negligence.  Neither does instruction No. 1 have any bearing on the question involved.

In *Chicago, B. & Q. R. Co. v. Oyster, supra,* it is said (page 14) : "The instruction under consideration pur- ported to cover the entire case.  It told the jury, if they found certain things to exist, then the plaintiff was en- titled to a verdict; hence the vice in this instruction was not, and could not be, cured by other portions of the charge."  But the writer, NORVAL, J., adds: "My asso- ciates are of the opinion that the error was not prejudi- cial, since no other verdict would have been justified by the evidence."  The rule as stated above was, however, announced in the syllabus, and is applicable to the case before us.

The defendant in error urges that the case of *City of South Omaha v. Meyers,* 3 Nebr. [Unof.], 699, sustains his contention herein.  An examination of that case convinces us that it has no bearing upon the one before us.  The in- struction complained of in that case merely recited, one after another, certain issues in the case, but did not con- tain a positive instruction based upon the determination of such issues.  In that instruction certain issues in the case were omitted.  Direct instructions covering the omit- ted issues and stating the law correctly touching them were afterward given, and the separate instructions could be construed together as stating the whole law, without conflict and without contradiction.  It was a case of non- direction in one instruction cured by direction in others, not a case of incurable misdirection.

It is urged that the decision in this case on the former

hearing, is contrary to the holding of this court in *City of South Omaha v. Burke,* 3 Nebr. [Unof.], 309, 314. In reference to that case, the defendant in error says: "We find the court uses this language in the body of the opinion: 'It is complained that sections 7, 11 and 14 of the court's charge, were erroneous in leaving out the element of the notice to the city of the defect. The instructions certainly do omit entirely the element of notice which is alleged in the petition. They predicate the right to recover on the negligence of the city and the absence of contributory negligence in the plaintiff, but we are not satisfied that there was error in this respect.' The court then goes on in the remainder of the opinion and explains why the omission to instruct upon the question of notice, was not a material error." That explanation, as made by the learned commissioner who wrote the opinion, is that the defect causing the injury was an excavation in the street authorized by the city, and the conclusion is, "The city was undoubtedly chargeable with notice of what was done by its authority." That case was reversed for error in the instruction under discussion because it omitted to state the law to be that "the duty ordinarily resting on a city to maintain its streets and sidewalks in a reasonably safe condition for travel in the ordinary mode is remitted during the time occupied in making repairs and improvements," and yet it does not appear that any instruction covering this point was offered by the plaintiff in error. The case is, then, no authority against the rule announced in the former decision herein, but in reality supports, without announcing, that rule.

We have examined all the cases cited by the defendant in error as supporting his contention that the plaintiff in error has no standing to complain of the instruction given by the trial court because of the failure to ask other instructions, but we are of the opinion that none of them do so in fact, when carefully examined; and that where an instruction can not be cured, but can only be contradicted, by a correct instruction, no tender

of a contradictory instruction is required. We are clearly of the opinion that the former decision must be adhered to unless the evidence upon the question of notice justified the instruction on the ground that a finding against the defendant in error on the issue of notice would not be justified under the evidence. And we are also of the opinion that if, under the evidence, a finding against the defendant in error upon the question of notice to the city would not have been justified, then there is no prejudicial error in the instruction under discussion, and the verdict should be allowed to stand.

Turning now to the other contention of the defendant in error—that is, that the evidence would not have justified a finding in favor of the city on the question of notice, we have not been content to take the statement of the evidence as given in the brief of the defendant in error, though upon such statement our decision would be against his contention, but have examined the entire bill of exceptions carefully. No evidence has been discovered by us in the bill of exceptions, neither has any been pointed out by the briefs of counsel, which shows actual notice to the city of a dangerous defect in the street; and as we understand the argument of defendant in error, his contention is that the evidence shows such long-continued existence of the defect that the city must be conclusively presumed to have known of its existence. The defect in the street complained of as the cause of the injury to the defendant in error, is a ditch or gully, water-worn across H street at its intersection with Twenty-sixth street, a few feet in on Twenty-sixth street from the line of intersection. The ground in that part of the city is rough; the streets at this point have never been graded; and at the time of the injury it would seem H street, running east and west, was not much of a thoroughfare. Right at the intersection of the centre lines of said streets was a manhole, somewhat elevated above the surface of the ground, around which the earth was also elevated to such an extent as to prevent travel in the centre of these streets at

their intersection. The track worn by travel east and west across Twenty-sixth street on H street, was north of this manhole. The travel north and south on Twenty-sixth street was on both sides of the manhole. The ditch was near the west line of Twenty-sixth street. It caused no serious inconvenience to travel east and west across it in the main traveled road north of the centre of H street. South of this track and west of the track that passed west of the manhole on Twenty-sixth street, weeds and vegetation had grown up at the time of the accident, according to the testimony of the defendant in error and his witnesses, to the height of five or six feet, so that he claims to have been unable to see the ditch and its condition where it went through this vegetation down toward the southwest corner of the ground covered by both streets. His petition claims that the ditch was about one foot deep, and sloped from the bottom thereof to the surface of the street. At the time of the injury defendant in error approached Twenty-sixth street, driving upon H street from the west, and, being desirous of turning south on Twenty-sixth street, attempted to round the corner by driving through the weeds and driving across the ditch at a pace a little faster than a walk, and in doing so was thrown out of his wagon and injured. The testimony shows that the ditch or ravine is a watercourse worn through the soil; that it varies from time to time in condition as to depth and width, being sometimes washed deeper and at some times partially filled up by deposit of earth. The testimony shows that, as a waterway, this ditch had existed for a considerable length of time, and still existed at the time of the trial. The most that can be said as to evidence of the previous existence of the ditch as a dangerous obstruction to travel, is that one witness drove across it some three weeks before the accident, and, while his attention was attracted away from his team by some boys, he was nearly thrown from his seat in crossing the ditch; that, while he had traveled north and south along Twenty-sixth street frequently, and knew that the ditch

was there, he evidently had no knowledge of its condition being dangerous up to the time he crossed it, if then. Other witnesses testified to the condition of the ditch at the time of the accident, and so described it that the jury might find that it was dangerous. The testimony of the witnesses all concurs that at this place where the accident occured it was concealed by the growth of vegetation.

We believe from the evidence that the defendant in error could have followed the beaten track across the ravine and turned down on Twenty-sixth street on either side of the manhole with safety, and that if the ditch, where he attempted to cross it, was really dangerous, he can escape the charge of contributory negligence only by showing, as he and his witnesses did, that its dangerous character was concealed by vegetation. He knew the ditch was there as well as the city did.

We think the foregoing is a fair statement of what the evidence shows as it bears on the question of the continuance of the ditch in a dangerous condition for such a time as to conclusively charge the city with notice of its existence as a dangerous defect.

We have some doubt about the evidence being sufficient to support a finding against the city on the issue of notice. No witness sufficiently described the condition of the ditch at any time prior to the date of the accident to show with certainty that it was then so dangerous as to render the street unsafe for travel in the usual mode, and all agree that it varied in its condition from natural causes. We are of the opinion that in the condition of the evidence, the court would not be justified in holding as a matter of law that the city was chargeable with notice of the ditch as a dangerous defect, and that there was prejudicial error in the instruction complained of. We are strengthened somewhat in this opinion by the wording of the petition, and the evident theory of defendant in error that notice of the existence of the ditch, without notice of its dangerous character, is all that is required.

For the reasons stated above, we recommend that the former decision of this cause be adhered to.

Barnes and Albert, CC., concur.*

By the Court: For the reasons stated in the foregoing opinion, the former holding of the court is adhered to, and the judgment of the district court is reversed and the cause remanded.

FORMER JUDGMENT ADHERED TO.