CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY V. CHARLES H. WHITE.

FILED MAY 17, 1905. No. 13,798.

Instruction: BURDEN OF PROOF. Where in an instruction to a jury a court defines what is meant by the burden of proof, and states a certain fact or facts which the plaintiff is required to establish within the rule, and omits from such statement a fact necessary to be established by the same degree of proof in order to entitle the plaintiff to recover, a verdict for the plaintiff will be set aside unless the evidence requires a finding adverse to the defendant on the issue as to such fact.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. Reversed.

J. W. Deweese and Frank E. Bishop, for plaintiff in error.

W. M. Morning and John J. Ledwith, contra.

JACKSON, C.

This is a proceeding in error to reverse a judgment of the district court for Lancaster county. The defendant

in error, hereinafter styled the plaintiff, brought an action against the plaintiff in error, hereinafter styled the defendant, claiming damages, which it is alleged he sustained by reason of his having been forcibly ejected from a railroad train by the servants of the defendant while the train was running at a dangerous rate of speed. The defendant answered, denying the allegations of the petition, and alleged contributory negligence. The evidence discloses that plaintiff boarded a moving freight train on the defendant's line at Hastings, Nebraska, with the intention to ride to the city of Lincoln without paying fare; that he was discovered by one of the company's brakemen and compelled to leave the train; that in so doing he fell and sustained some injuries. The testimony of the plaintiff at the trial tended to prove that at the time he was compelled to leave the train it was running at a rate of speed that made it dangerous for him to get off the train, and that by reason of that fact, when he alighted from the train, he was thrown to the ground and sustained the injuries complained of. This evidence on behalf of the plaintiff was controverted by the testimony of the trainmen, tending to show that he might have left the train in safety at the time when he was first directed to do so, but that he parleyed with the trainmen, and continued on the train for some distance after he was first required to alight, and that at the time when he did leave the train the speed was such that he might, with the exercise of ordinary care, have left the train without danger of injury to himself. The trial to a jury resulted in a verdict in favor of the plaintiff for the sum of $160.41. Upon motion for a new trial the district court required a remittitur of $60.41, and entered judgment against the defendant, upon the remittitur being made, for $100 and costs. From the judgment the defendant brought the case to this court by a petition in error.

Upon the trial the court instructed the jury as follows: "You are instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the

evidence all the material allegations of his petition not admitted in its answer; that is to say, that while defendant's train was running at a dangerously high rate of speed the defendant, through its agent, violently and forcibly ejected or put the plaintiff off its train, whereby he was thrown to the ground and hurt, and that the injury, if any, was caused in that way; that is that he must show by the more convincing and greater weight of evidence that the trainmen put him off the train by force; and if the evidence on this point is evenly balanced, or is more convincing that he was not put off by force, or if he got off by his own motion in some other way, then the railroad company is not liable, and your verdict should be for the defendant. The plaintiff would also be required to show by a preponderance of the evidence that he sustained damages alleged in his petition as a result of such act of the defendant, and the amount of the same.  On the other hand, when the plaintiff has so established such facts he would be entitled to a verdict, unless the defendant shall prove by a preponderance of the evidence the material allegations of its defense alleged in its answer; that is to say, if the evidence produced on the part of the plaintiff does not show carelessness, or fault, or misconduct on the part of plaintiff contributing to the injury he received as a proximate cause thereof, then the burden is upon the defendant to prove that the plaintiff's injuries resulted from his own carelessness, fault or misconduct as alleged in its answer."

It is the contention of the defendant that this instruction is wrong as applied to the facts testified to by the plaintiff himself, because it ignores the rule in that class of cases where the jury might reasonably infer from the testimony of the injured party himself that his injury was due to his own negligence and carelessness. That question, however, seems to have been fairly submitted to the jury in the instruction complained of.

It is also contended that the instruction is erroneous because of the qualifying language used by the court in that portion of the instruction intended to inform the jury

of what material facts the burden was upon the plaintiff to establish. This objection presents a more serious question. In *City of South Omaha v. Hager*, 66 Neb. 805, it was held: "Where a jury is told that the defendant is liable upon a given set of facts, and a fact in issue, necessary to such liability, is omitted, a verdict for the plaintiff will be set aside, unless the evidence requires a finding adverse to the defendant upon the issue as to such fact."

In the case at bar the trial court correctly informed the jury that the burden was upon the plaintiff "to establish by a preponderance of the evidence all the material allegations of his petition not admitted in its answer; that is to say, that while defendant's train was running at a dangerously high rate of speed the defendant, through its agent, violently and forcibly ejected or put the plaintiff off its train, whereby he was thrown to the ground and hurt, and that the injury, if any, was caused in that way." It is probably that had the instruction stopped with the part just quoted no complaint could have been made against its correctness, but the court, out of a superabundance of caution and an evident desire to still further impress upon the jury the importance of the burden cast upon the plaintiff, added this qualifying sentence: "That is, he must show by a more convincing and greater weight of evidence that the trainmen put him off the train by force; and if the evidence on this point is equally balanced, or is more convincing that he was not put off by force, or if he got off by his own motion in some other way, then the railroad company is not liable, and your verdict should be for the defendant." This portion of the instruction is faulty in that it omits from the statement of facts which the plaintiff was required to prove "by a more convincing and a greater weight of evidence" the question of the dangerous rate of speed at which the train was moving. The question of the rate of speed was one controverted both by the pleadings and the evidence, and the plaintiff was as much required to prove that the train was moving at a dangerous rate of speed as he was required to prove that he

was ejected from the train by force.    He was a trespasser, and the defendant had a right to eject him by force under proper circumstances.    Whether such circumstances existed in this case was a question of fact to be determined by the jury, and the court, having in an attempt to define the burden of proof singled out a single fact which the plaintiff was required to establish within the rule, left the jury to infer that the same weight of evidence was not required of the plaintiff to establish another important fact.

Because of the error in the giving of this instruction, we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.