TJEDE M. EHMEN, APPELLANT, V. VILLAGE OF GOTHENBURG, APPELLEE.

FILED FEBRUARY 16, 1897.    No. 7119.

1. **Dedication of Public Park: REGISTRATION OF PLAT.** The statute provides for the acknowledgment and recording of plats subdividing tracts of land, and that the acknowledgment and recording of such a plat is equivalent to a deed in fee-simple of such portion of the premises platted as is on such plat set apart for streets and other public use. *Held,* That under this statute a plat, properly acknowledged and recorded, showing the subdivision of land into blocks and lots with streets traversing the same, with a block in the center thereof not subdivided into lots and with no alley traversing the same as was the case with other blocks, said block being designated "Ehmen's Park" (Ehmen being the owner of the land subdivided), operated as a statutory dedication of that block for a public park.

2. **Park: DEFINITION.** The term "park," as used in this country, means a tract of land within or near a town or city devoted to purposes of amusement, pleasure, or exercise; and while there are private parks, in this sense the term generally means one open to the public.

3. **Municipal Corporations: PARK: DEDICATION.** In view of the frequent use of the donor's name to designate a public park by him granted, the use of the term "Ehmen's Park" cannot be taken to imply the reservation of the land for Ehmen's private use.

APPEAL from the district court of Dawson county. Heard below before HOLCOMB, J. *Affirmed.*

*Warrington & Stewart,* for appellant.

*W. D. Giffen* and *W. J. Trotter,* contra.

IRVINE, C.

This was an action by Tjede M. Ehmen, on her own behalf and on behalf of her minor children, against the village of Gothenburg to quiet title to certain land claimed by the village as a public park. In 1885 William Ehmen, being the owner of the east half of the southwest quarter of section 10, township 11 north of range 25 west, caused a portion thereof to be surveyed and platted. He then duly acknowledged said plat in accordance with the statute and caused the same to be recorded. The land so platted is within the village of Gothenburg. The plat· shows a subdivision of the land into blocks and lots, with continuous strips of land separating said blocks, evidently intended for streets and alleys, although not so designated on the plat. One of these blocks, in the center of the plat, is numbered 11, in accordance with the general course of numbering adopted. It is not, however, subdivided into lots, nor is there an alley through it, as is the case with the other blocks, and in addition to the number 11 it bears on the plat the words "Ehmen's Park." The plaintiffs are the widow and children of Ehmen, who died intestate in 1890. The sole question involved is whether there was a dedication of this block which operated to convey it to the village as public grounds. The statute then and still in force provides for the platting of subdivisions, the acknowledgment of the plat and its recording, and further, that "The acknowledgment and recording of such plat is equivalent to a deed in fee-simple of such portion of the premises platted as is on such plat set apart for streets or other public use, or as is thereon dedicated to charitable, religious, or educa-

tional purposes." (Compiled Statutes, ch. 14, art. 1, sec. 106.) A former statute, repealed when this was passed, contained this language in a similar connection: "Thereupon such plat shall be equivalent to a deed in fee-simple from the proprietor or proprietors of all streets, avenues, alleys, public squares, parks, and commons, and such portion of the land as is therein set apart for public or city use, or is dedicated to charitable, religious, or educational purposes." (Session Laws, 1871, p. 2.)

It is contended in the first place that this change in the statute, omitting the specific words "avenues, alleys, public squares, parks, and commons," operated as a restriction, and that the mere designation of lands by such terms on the plat does not, under the present law, operate as a dedication, unless there exist elsewhere apt words clearly indicating the *animus dedicendi*. We do not think that the change in the phraseology of the statute was intended to accomplish any such purpose. On the other hand, we believe the object was to supply the place of the specific words by a more general term, which would cover, perhaps, other dedications than would fall within the old statute. The word "alley" is omitted, but it was certainly not intended that the mere designation on the plat of a strip of land as a street should operate as a dedication, while a like designation of another strip as an alley should not. The term "other public use," used in connection with "street," is sufficient to include a public square or park. It is true, greater uncertainty is likely to arise as to the purpose of the grantor in the case of such public grounds than in the case of streets, the necessity of the existence of which leaves the purpose of the grantor seldom in doubt. Still, where the designation on the plat is such as to clearly manifest the grantor's intent to dedicate land thereon for public use as a park, we think the statute is ample to constitute the acknowledging and recording of such plat a conveyance of the land for that purpose.

The appellants contend that the designation "Ehmen's

Park" is insufficient to imply an intention to dedicate it as public land, and we are referred in this connection to the common-law definition of the term "park," as well as to certain cases, such as *City of Logansport v. Dunn*, 8 Ind., 378, and *City of Pella v. Scholte*, 24 Ia., 283, where the word "square," or some similar word, has been held in itself ambiguous and not to operate on a plat as a dedication in the absence of evidence *aliunde* establishing the grantor's intent in using the word. Without questioning the correctness of the cases referred to under their peculiar facts, we think they have no application here. In the United States we have no parks within the meaning of the forestry laws of England. The term has never in this country been used in that sense. Indeed, such signification is not now in England exclusive. To demonstrate this, we need only refer to "Hyde Park," in London. The universal meaning of the term in this country is a tract of land in or near a city or town, and devoted to purposes of amusement, pleasure, or exercise. There may be private parks, but the use of the term to designate private property is the exception, and public use is implied by the term in the absence of language or surrounding facts implying the contrary. In *Price v. Inhabitants of the City of Plainfield*, 40 N. J. Law, 608, it was said: "A park in a city means to the sense of every person a place open to every one." In *People v. Green*, 52 How. Pr. [N. Y.], 440, the term "park" is defined as "a piece of ground adapted and set apart for purposes of ornament, exercise, and amusement." This is the sense in which it is several times used in our statutes, as, for instance, the former statute on the subject of village plats already referred to, and the so-called charter of metropolitan cities (Compiled Statutes, ch. 12a, sec. 108), whereby a board of park commissioners is established to control such parks.

But it is insisted that if the word "park" alone would indicate a dedication to public purposes, the term "Ehmen's Park" implies private ownership. We do not

think so.  The dedication of land by proprietors for public purposes is now quite frequent, prompted sometimes by pure motives of philanthropy, at others by a desire to thereby enhance the value of surrounding property, and sometimes, no doubt, by both motives.  In such cases the name of the grantor is quite frequently attached to the park by the public by way of grateful recognition of the gift, or by the grantor himself, through a not unnatural ambition to so perpetuate the memory of his gift.  We think this custom, together with the almost universal use of the word "park" to designate public grounds, fully warranted the trial court in finding that the term was here so used.

There was a complete statutory dedication of the land in controversy, and we need not consider the questions raised as to a common-law dedication, title by estoppel, or questions relating to the evidence on those points.

AFFIRMED.