### EHMEN v. CITY OF GOTHENBURG, NEB.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1912.)

No. 3,706.

1. COURTS (§ 366*)—FEDERAL COURTS—RULES OF DECISION—DECISION OF STATE COURT—STATE STATUTE.

A decision of a state court of last resort construing a state statute is binding on the federal courts sitting in that state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*]

2. COURTS (§ 367*)—FEDERAL COURTS—RULES OF DECISION—REAL PROPERTY LAW.

The law of a state as to real property within its borders, as announced by the highest judicial tribunal of the state, will be followed by federal courts sitting therein.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 958, 959; Dec. Dig. § 367.*]

3. COURTS (§ 367*)—FEDERAL COURTS—REAL ESTATE LAW—STATE COURT DECISION—COMITY—"PARK."

Plaintiff's father filed a plat of a city addition containing a block designated "Ehmen's Park." In an action in a state court, it was held by the state Supreme Court that the term "park," as used in the plat, meant a tract of ground set apart for purposes of public ornament or recreation, and that the annexation of the name in the plat in question did not prevent the plat from operating as a statutory dedication of the block to public use. *Held*, that such decision, even though not conclusive on the federal courts, being based on persuasive reasoning, would be followed under the doctrine of comity.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 958, 959; Dec. Dig. § 367.*

For other definitions, see Words and Phrases, vol. 6, pp. 5176, 5177; vol. 8, p. 7745.

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank of Memphis v. City of Memphis, 49 C. C. A. 468.]

4. APPEAL AND ERROR (§ 171*)—QUESTIONS NOT RAISED AT TRIAL—THEORY OF CAUSE.

Where, in a suit to recover certain real property, the pleadings proceeded on the assumption of a valid platting of the land as part of a city addition, plaintiff was not entitled to claim for the first time on appeal that the plat was void.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1069, 1161–1165; Dec. Dig. § 171.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the District of Nebraska; Wm. H. Munger, Judge.

Action by Tjede Ehmen against the City of Gothenburg, Neb. Judgment for defendant, and plaintiff brings error. Affirmed.

George W. Berge, of Lincoln, Neb. (C. J. Campbell, of Lincoln, Neb., on the brief), for plaintiff in error.

J. J. Halligan, of North Platte, Neb. (W. T. Wilcox and J. G. Mothersead, both of North Platte, Neb., and J. Victor Romigh, of Gothenburg, Neb., on the brief), for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and McPHERSON, District Judge.

HOOK, Circuit Judge. This was an action by Tjede Ehmen against the city of Gothenburg, Neb., to recover possession of a block of ground within the municipal limits. The trial court directed a verdict for the defendant, and the plaintiff prosecuted this writ of error.

Some years before the action was brought plaintiff's father, who owned a tract of land containing about 80 acres, platted it into blocks and lots and called it "Ehmen's Subdivision." Near the middle of the platted land was block numbered 11, surrounded by streets, but not cut by an alley, nor, like the other blocks, divided into lots. This block was also designated on the plat as "Ehmen's Park." The statutes of Nebraska provided that the acknowledgment and recording of a plat, the requisites of which were prescribed, were "equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets or other public use." The question for decision in this case is whether there was a statutory dedication of the block to public use. The trial court held there was, and therefore an inquiry as to the actual intent of Ehmen, except as disclosed by the plat itself, was precluded. After the death of plaintiff's father, her mother brought an action in a local court against the then village of Gothenburg to recover possession of the block. The case went to the Supreme Court of the state, where it was held that the term "park," as used in this country, means a tract of ground set apart for purposes of public ornament or recreation, and none the less so though the dedicator annexes his name to the term; also that Ehmen's plat operated as a statutory dedication of the block in controversy to public use. Ehmen v. Gothenburg, 50 Neb. 715, 70 N. W. 237. Though Mrs. Ehmen attempted in that action to sue on behalf of the children, then minors, we shall assume she did so ineffectually, and that the plaintiff here, as the grantee of the other children, all claiming under their father, is not concluded by the result of that action.

[1] If the decision of the Supreme Court of Nebraska had turned upon the construction of the state statute, we would be bound to follow it as though it were a part of the legislative text. Morley v. Railway, 146 U. S. 162, 167, 13 Sup. Ct. 54, 36 L. Ed. 925. But it is apparent that the case was decided, not upon a particular construction of the statute, but by the true and general meaning of the language employed by the maker of the plat, and in aid of the conclusion

that was reached resort was had, to common knowledge and judicial decisions in other states. There is another principle more nearly applicable. In De Vaughn v. Hutchinson, 165 U. S. 566, 570, 17 Sup. Ct. 461, 462 (41 L. Ed. 827), it was said:

"It is a principle firmly established that to the law of the state in which the land is situated we must look for the rules which govern its descent, alienation, and transfer, and for the effect and construction of wills and other conveyances."

[2, 3] The law of a state as to real property within its borders is the law as announced by the highest judicial tribunal of that state. Clarke v. Clarke, 178 U. S. 186, 192, 20 Sup. Ct. 873, 44 L. Ed. 1028. But, even if the decision in Nebraska were not conclusive, we would nevertheless, according to the settled doctrine, lean to conformity and agreement, especially when, as here, the reasoning is persuasive of the right result. Comity would demand that much to avoid conflict upon a subject of local concern.

[4] It is contended that the plat is utterly void, because of failure to comply with the statutory requirements in various particulars. The criticisms, with perhaps one exception, were not made in the prior action. Here they are the result of afterthought. They were not within the issues framed for the trial court, nor brought to its attention, so far as the record shows. The pleadings proceed upon the assumption of a valid platting of the land by Ehmen, but put in issue the legal effect of his designation of the block in controversy as "Ehmen's Park." It is too late to raise the other questions now. It would be manifestly unjust, when a case has been narrowed to an issue by pleadings and trial, and a bill of exceptions submitted and allowed to present the ruling of the trial court, for an appellate court to entertain a new and different question on the merits.

The judgment is affirmed.