### J. W. HITCHCOCK V. LARS SHAGER.

[FILED JULY 1, 1891.]

1. **Record:** COPY SUBSTITUTED FOR ORIGINAL FILES.  Where a copy of an instruction is filed in this court, accompanied by a certificate of the clerk of the district court that the original is lost, and the proof tends to show that it is an exact copy, it will not be stricken from the files on the ground that it is a copy.

2. **An instruction** which assumes certain facts not established by the evidence, *held*, properly refused.

ERROR to the district court for Cedar county.  Tried below before POWERS, J.

*Barnes & Tyler*, and *H. A. Miller & Son*, for plaintiff in error.

*A. M. Gooding, Wilbur F. Bryant, J. C. Robinson*, and *Guy R. Wilbur, contra*.

MAXWELL, J.

This is an action in replevin to recover the possession of " one red yearling heifer; one roan yearling heifer with bell; one red yearling steer with white spot in forehead; one red yearling steer, bob-tail; one blue and white yearling heifer; one red and white yearling steer; one dark red yearling steer with white spot in forehead; one red and

white yearling steer, white nose and forehead; one black yearling heifer; one red yearling heifer with white face and jaws; one red and white yearling heifer, nearly all white; one red and white steer with full white face; one two-year-old heifer with white tail and roan face; one red two-year-old heifer; one red three-year-old cow, white spot in forehead, white on back near rump; one red heifer about three years old, white spot in forehead; one white two-year-old heifer; one red and white cow seven years old; one red and white cow three years old, and one open-seated spring wagon, of the value of two hundred and thirty-five dollars."

The answer is a general denial.

On the trial of the cause the jury returned a verdict in favor of the defendant in error, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The plaintiff in error now moves to strike from the record the instruction marked No. 2, as requested by the plaintiff in error, on the ground that there was no record of such instruction. The instruction asked is as follows:

"The jury are instructed that the written instrument introduced in evidence by the plaintiff, and under which he claims title to the property in question herein, bears upon its face the badge of fraud, and in this case the burden of proof is upon the plaintiff to establish the entire good faith of the transaction before he can recover."

The clerk of the court certifies that the instruction in question had been lost and cannot be found.

Mr. J. B. Barnes files an affidavit in which he states that he drew the instruction No. 2 asked by the defendant, and that the above is a true copy of said instruction so proposed and submitted by him, which has since been lost or abstracted from the files, etc.

There is no denial that this is a correct copy of the instruction asked and that the original is lost. This being

the case the court will not strike it from the files. The question whether the court erred in refusing to give it will be considered presently.

The testimony tends to show that the defendant in error is a son of Hans E. Shager; that in 1881 the parties resided near the Missouri river, not far from Yankton, Dakota, and that the father, Hans, lost all his personal property by the flood in the Missouri river in March of that year; that the defendant in error was in the employ of one Simpson and assisted his father in beginning anew on a farm in this state; that he purchased this and other stock and property for him, and took from him the following instrument:

"As the flood in 1881 destroyed all the property I had, and also the property and stock that I had on my place belonging to my son, Lars Shager, and as Lars Shager did furnish me with provisions, money, team, and farming implements, I do hereby certify that all the horses, cows, cattle, hogs, farm machinery, and all other stock and chattels now on my place in Cedar county, Nebraska, belong to Lars Shager, and that said Lars Shager has lawful right to take possession of the chattels above mentioned at any time he deems himself insecure, or feels himself so disposed.                    "HANS E. SHAGER.
                          MRS. KYESTLE SHAGER.

" Witness:
        "ALBERT BRUNICK.
        "JORGEN ERIKSEN."

This instrument was duly filed in the office of the county clerk. The testimony tends to show that this property was purchased with money furnished by the defendant in error and was in fact his. He evidently was assisting his father, and so far as appears his conduct was commendable, and the testimony fails to show any attempt to defraud creditors. In fact, if the property had belonged to the father it would have been exempt under the statute. The

instruction asked assumed facts which are not proved and was properly refused.

There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.