### FIDELITY & DEPOSIT COMPANY OF MARYLAND V. WILLIAM PARKINSON.

FILED MARCH 18, 1903. No. 12,707.

1. **Judgment**: ACTION ON BOND: PETITION. An action by a subcontractor, brought on the bond of a contractor for the erection of a public building, demanded judgment for work and labor in said building furnished by said subcontractor. Judgment in his favor was entered for the sum of $127.70 for labor and material furnished. *Held*, That the judgment could not be supported by the allegations of the petition.

2. **Mechanic's Lien**: PUBLIC BUILDING: BOND: SUBCONTRACTOR: STATUTE. The object of the statute, section 4, article 2, chapter 54 of the Compiled Statutes of 1901 (Annotated Statutes, 7117), was to secure to mechanics and laborers the amount due them for work and labor performed in the erection of a public building on which no lien is allowed for such work and labor. While the mechanic and laborer doing work on such building may resort to the bond required of the contractor, it is doubtful if the subcontractor who furnishes work and material in the construction of such building is within the terms of the statute, even though he has paid the mechanics and laborers doing the work contracted for by him. *McCluskey v. Cromwell*, 11 N. Y. 593.

3. **Demurrer**: ANSWER. A demurrer to the petition is not, by the provisions of our code of practice, a proper part of the answer filed in a case, and should be disregarded.

ERROR to the district court for Madison county: JAMES F. BOYD, DISTRICT JUDGE. *Reversed.*

*M. B. Foster, John L. Kennedy* and *Myron L. Learned,* for plaintiff in error.

*S. O. Campbell* and *Isaac Powers, contra.*

Duffie, C.

June 21, 1900, Frank Moore entered into a written contract with School District No. 1 of Madison county to erect a schoolhouse in Madison. He was required to execute and deliver, and did execute and deliver, to the school district a bond in the penal sum of $6,000, conditioned for the faithful performance of the contract, and this bond was signed by himself as principal and the Fidelity & Deposit Company of Maryland, the plaintiff in error, as surety. Moore entered upon the construction of the building but abandoned the work before its completion, and under the provisions of the bond the surety company undertook to finish and did finish the building, except in some minor particulars, for which an allowance was made by the school district. This action was brought in the county court of Madison county by defendant in error against Moore and the plaintiff in error on the bond to recover $119.38, being the balance alleged to be due for work and labor performed by defendant in error on the building. Judgment was entered for defendant in error, and the plaintiff in error appealed to the district court. Moore was not served with process and did not appear. A petition was filed in the district court. Plaintiff in error filed an answer which was a general denial, and a demurrer on the ground that the petition did not state facts sufficient to constitute a cause of action. On a trial in the district court judgment was entered in favor of the defendant in error for $127.70, with interest and costs. The plaintiff in error has brought the case to this court for review.

Section 99 of our Code of Civil Procedure provides that the answer shall contain (1) a general or specific denial of each material allegation of the petition controverted by the defendant; and (2) a statement of any new matter constituting a defense, counter-claim or set-off, in ordinary, concise language, and without repetition. Section 94 of the Code of Civil Procedure specifies the grounds

upon which a demurrer to a pleading may be filed, and it is nowhere intimated that a demurrer to the petition may be set forth in the answer as a part of that pleading. We are aware that it has been the practice in some of the district courts of this state to allow a paragraph in the answer assailing the petition upon the ground that it does not state facts sufficient to constitute a cause of action, but we are not aware of any rule of practice authorized by the statutes of this state which allows a demurrer to the petition to be set forth in the answer, which should only contain a general or specific denial of the allegations of the petition, or a statement of new matter constituting a defense, counter-claim or set-off to the matters alleged in the petition. If the petition is not sufficient in its statements to require the defendant to answer its allegations, a demurrer should be filed and passed on by the court. If it is insufficient to require an answer, the defendant may stand on his demurrer. But we do not think that it was the purpose of the framers of our code to allow the defendant to set up matters in his answer which he believes to be a defense thereto, or to plead a counter-claim or set-off, and in the same pleading to question the sufficiency of the petition to state a cause of action against him. If he does not think that the petition states facts which make him liable, he should question its sufficiency by demurrer and not incorporate it in an answer which alleges other substantial matters of defense to the plaintiff's claim. This view is, we think, fully sustained by section 96 of our code. The statute under which the bond was required and given is ch. 54, art. 2 of the Compiled Statutes of 1901 (Annotated Statutes, 7117). It is entitled "An act to secure the payment of mechanics' and laborers' wages on all public buildings where the provisions of the general mechanics' lien laws do not apply," and took effect June 21, 1889. The act is as follows:

"Sec. 4. It shall be the duty of the board of public lands and buildings, boards of county commissioners, the contracting board of officers of all cities and villages and

all ·public boards now or hereafter empowered by law to enter into a contract for the erecting and finishing, or the repairing of any public building, bridge or other public structure to which the general provisions of the mechanics' lien laws do not apply and where mechanics and laborers have no lien to secure the payment of their wages, to take from the person or corporation to whom the contract is awarded a bond with at least two good and sufficient sureties conditioned for the payment of all laborers and mechanics for labor that shall be performed in the erecting, furnishing or repairing of the building or in performing the contract; said bond shall be to the board awarding the contract; and no contract shall be entered into by such board until the bond herein provided for has been filed with and approved by said board. The said bond shall be safely kept by the board making the contract and may be sued on by any person entitled to the benefit of this act. The action shall be in the name of the party claiming the benefit of this act."

It will be seen from a reading of this statute that it was intended to secure to all laborers and mechanics who performed labor in the erection or reparation of a building for which a mechanic's lien was not allowed, payment for the amount of their wages, whether the work was done under a contract with the original contractor or a subcontractor. The petition filed in this case contains the following statements, and our opinion is based wholly upon the statements of that pleading.

The second and third paragraphs are as follows:

"2d. That between the 21st day of June, and the 9th day of November, 1900, the plaintiff furnished to the defendant, Moore, for the construction of said building, material and labor to the amount and value of $921.78, which said labor and material were used by the said Moore in the erection and construction of said building, under said contract.

"3d. And there is still due and unpaid to the plaintiff from the defendant Frank Moore, for the work and labor

so furnished by the plaintiff to said defendant as afore-
said, the sum of one hundred and nineteen 38-100 dollars
($119.38)."

Judgment was demanded for the amount due for labor
furnished.  It will be noticed that the plaintiff's claim set
forth in his petition was for $921.78 for material and labor,
and the petition contained a further allegation that the
work and labor not paid for amounted to $119.38, for
which alone judgment was demanded.  The judgment en-
tered in the case is as follows :

"This. cause having come on for trial before the court on
a former day of this term of court, a jury having been
waived by counsel in open court, the cause having been
argued by counsel and submitted to the court, on consid-
eration thereof the court finds: That there is due from
the defendant, Fidelity & Deposit Company of Maryland,
to the plaintiff, William Parkinson, the sum of $127.70
for materials and labor furnished by the plaintiff to Frank
Moore, such materials and labor being used in the con-
struction and completion of the schoolhouse referred to in
the petition."

While the petition only asked judgment for the labor
performed, the judgment was for labor and material fur-
nished, and the judgment can not, in any event, be sup-
ported by the allegations of the petition.  The plaintiff in
error has alleged, as one of the errors complained of, the
following :

"4th. The court erred in holding this plaintiff liable for
labor furnished by the defendant herein to Frank Moore,
for the reasons that the defendant herein performed none
of such labor himself, but furnished the labor of others
under a contract by which his agreed compensation was
the contract price for the completed roof of a school build-
ing, including both labor and materials, and he is, there-
fore, not protected by the contract and bond on which he
brought this action."

· The fact that the plaintiff below sued only for the
amount that was due for labor performed under his con-

tract, while the judgment is for labor and material furnished under that contract, is sufficient to work a reversal of this case. The plaintiff in error insists, and it is supported by eminent authority in that contention, that our statute was intended to allow only to the laborer himself an action on a bond given by the contractor under a provision of the statute similar to the one in question.

In *McClusky v. Cromwell*, 11 N. Y. 593, the court of appeals of the state of New York, in construing a bond similar to the one given in this case, held that a bond given by a public contractor to the state pursuant to the act of 1850, ch. 278, conditioned for the payment of all laborers employed by him in the work specified in the contract, does not secure the payment of laborers employed by a subcontractor, though the contract forbids the subletting of the work.

And in a later case (*Balch v. New York & O. M. R. Co.*, 46 N. Y. 521) it was held that "the words 'laborer' and 'labor,' as used in the general railroad act of 1850 (section 12, ch. 140, Laws of 1850), which gives a laborer a claim against the company for the indebtedness of a contractor in certain cases, and to a limited amount, are used in their ordinary and usual sense, and imply the personal service and work of the individual designed to be protected. The former does not include one who contracts for and furnishes the labor and services of others, or who contracts for and furnishes a team or teams for work, whether with or without his own services."

These cases, with which we are inclined to agree, seem to imply that a statute like the one under consideration is intended for the protection of the laborer who does the manual labor on the building, and not for the contractor who furnishes both labor and material in the construction of the work embraced within the contract. While not definitely passing on this question, because not orally argued on the submission by defendant in error, the case will have to be reversed for the reason that the judgment was given for labor and material, while the suit was brought for labor alone.

We recommend that the judgment of the district court be reversed.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.