WILLIAM DOUGLAS V. JOHN R. SMITH.

FILED DECEMBER 6, 1905.  No. 14,012.

1. The defense of res judicata is only available as to matters actually in issue and determined in the former suit.

2. A verdict upon conflicting evidence will not be disturbed except for specific error occurring at the trial.

3. New Trial: JURY, MISCONDUCT OF. The statement by a juror in the jury room of his personal knowledge of a fact not in dispute and not material to the issues is not misconduct requiring a new trial.

ERROR to the district court for Richardson county: JOHN S. STULL, JUDGE. *Affirmed.*

*A. J. Weaver* and *Edwin Falloon,* for plaintiff in error.

*Reavis & Reavis, contra.*

AMES, C.

A quarter of a century ago there were two water mills and dams on the Nemaha river in Richardson county in this state, and situated several miles apart. The proprietor of the upper mill, called the "Fall Mill," had the superior and prior right, and begun an action against the proprietor of the lower mill, called the "Exchange Mill," alleging that the latter, by means of his dam, had set the water back in the stream so as to flood the wheel of the plaintiff, and praying that the defendant be perpetually enjoined from continuing so to do. The suit was tried in June, 1885, and resulted in a general finding for the plaintiff, and in a decree perpetually enjoining the defendant "from flowing the water in the Nemaha river, upon which the respective mills of the parties are situated, back upon

the mill wheel of the plaintiff, situated on said river above the mill of said defendant, and from doing any act to prevent the easy and natural flow of the water in said river from the mill wheel of said plaintiff." But the height of the dam at the lower mill was not ascertained nor any specific height determined as one to which it could rightfully be maintained. There was an appeal to this court, where the judgment was affirmed. *Stumbo v. Seeley*, 23 Neb. 212. All that this decision accomplished therefore was to adjudge the superiority and priority of the right of the plaintiff to the flow of the water in the river necessary to the operation of his mill, and to restrain the defendant from unlawfully violating that right, an obligation which would have rested on him with equal force in the absence of the injunction. The two mills and dams have come, by mesne conveyances, to the respective parties to this action, which was brought by the present proprietor of the upper mill to recover damages from the present proprietor of the lower mill for the alleged unlawful obstruction of the stream by the dam of the latter, and consequent flooding and injuring of the mill of the former. There were a trial, and a verdict, and judgment for the defendant, and the plaintiff brings the record here for review.

The principal contention of the plaintiff in error is that the matter in issue is *res adjudicata*, and that his right of recovery is conclusively established by the judgment in the former case, but in this he is obviously mistaken. All the former case decided has been already stated, except that the defendant had in that instance violated the plaintiff's rights, to the damage of the latter, but whether the proprietor of the lower mill was guilty of a like wrong 25 years later must, of course, be determined by the evidence adduced on the trial of the present case. The evidence upon that issue is conflicting, and the court will not, in such circumstances, disturb the verdict, except for specific error occurring at the trial.

The defendant offered in evidence a letter written by the plaintiff to a third person, in some respects contradictory

to the testimony of the latter upon the trial, and containing admissions against his interest in the present controversy. The assignment is not much insisted upon, and we know no reason why the ruling was erroneous.

A new trial is also asked because of the alleged misconduct of a juror. Two witnesses, Abbott and Towle, testified that, during the period of the alleged flooding complained of, they had observed a riffle or ripple in the stream between the two dams. The witnesses were not contradicted, and it is admitted by plaintiff in error in its brief that "this testimony was wholly immaterial, for the reason that plaintiff does not contend that there was no current between the two dams. No sane man would make such a contention." The alleged misconduct complained of was a statement by one of the jurors in the jury room that he believed the witnesses, Abbott and Towle, because he had observed the riffle or current himself. If the fact had been material and in dispute, the conduct of the juror might have been prejudicial, but, since it was neither, it does not, we think, furnish ground for complaint.

Counsel for plaintiff in error submitted their cause without oral argument and the foregoing are all the assignments of error we find treated of in their brief. We think none of them sufficient to require a reversal, and recommend that the judgment of the district court be affirmed.

Letton and Oldham, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.