GOTTLIEB WESSEL V. JOHN S. BISHOP.

FILED MARCH 8, 1906.  No. 14,123.

1. **Instructions:** REVIEW. Rulings of the court upon objections to instructions given and refused examined, and *held* without error.

2. **Misconduct of Juror.** Proof of mere indiscretion in the conduct of a juror is not sufficient to avoid a verdict, but the proof must show that his conduct is of such a character that prejudice may be presumed.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*W. E. Stewart,* for plaintiff in error.

*John S. Bishop, pro se.*

EPPERSON, C.

The defendant in error sued the plaintiff in error for the value of his services as an attorney at law in several cases, in each of which the defendant or some member of his family was a litigant. Trial was had to a jury resulting in a verdict and judgment for plaintiff, defendant in error.

The first assignment of error presented by defendant in his brief is the refusal of an instruction, the object of which was to take from the jury all consideration of an item of $10, charged by the plaintiff for his services in an action against the adult sons of the defendant. Defendant's sons were in jail, charged with crime, and upon the request of their sister plaintiff procured them bail, for which service he neither received nor charged a fee. He rendered no further service until the defendant employed him to counsel and defend his sons. Defendant claims that the contract testified to by the plaintiff was within the statute of frauds, the same not being in writing, and the services rendered for another. Such evidence we think shows an original undertaking, in which the plaintiff extended credit to the defendant, and therefore the contract was not within the statute of frauds. *Williams v. Auten,* 62 Neb. 832.

2. Plaintiff in his petition admitted the receipt of $20 upon account sued on, and upon the trial admitted the payment thereon of $2.50 additional. In his answer, defendant denied that he employed the plaintiff in the several actions alleged in the petition, except in one certain injunction suit in which plaintiff's services were of a value not exceeding $25, which has been paid. The testimony of both litigants shows payment by defendant to plaintiff of sundry amounts covering a multitude of minor transactions and expenditures, some of which having no connection with the subject matter of this litigation. These items, aggregating $58, defendant contended should be credited to him upon the account sued on, and now al-

leges that the court erred in giving to the jury the instruction containing the following language: "The burden is upon the defendant to prove any payments in addition to the $20, admitted in plaintiff's petition, and in addition to the $2.50, admitted in his testimony." He argues that by reason of this instruction the jury were at liberty to infer that the defendant had some burden or unusual duty in respect to the several items in excess of $22.50, composing the sum of $58. The reasons which the defendant gives for the purpose of showing error appear to us as good reasons for the giving of the instruction. The burden of proof was upon the defendant to show that the payments not specifically alleged in the pleadings, but testified to, were made in part payment of the claim sued on, instead of upon other items of indebtedness.

3. As a further reason for reversal, defendant alleges misconduct on the part of the jury. The conduct complained of is stated in the affidavit of one of the jurors, as follows: "That throughout the deliberations of said jury on said cause, Mr. Minor S. Bacon, one of said jurors, repeatedly stated, in substance, that he never would agree to return a verdict for less than the whole amount claimed by the plaintiff, and was quite decided in trying to get the other jurors to agree with him. Said juror Bacon further stated, in substance and effect, that he was himself an attorney, and had knowledge of the reasonableness of rates charged for legal services by the plaintiff in question in this action, and knew from his own experience that the plaintiff was entitled to recover all he sued for in said cause. That while so deliberating in said jury room, said juror Bacon further said, in substance, that he was acquainted with the defendant, and knew that he was a hard man to get along with, and that he had trouble with everybody he had dealings with, and was always in litigation." This was corroborated by the affidavits of seven other jurors. The position of this lawyer juror, shown by the first paragraph of the affidavit, might have been prompted by a fair and impartial consideration of the evidence; and

the facts stated in the third paragraph are clearly insufficient to justify an avoidance of the verdict.   Other facts shown by the affidavit are of a more serious nature, but as the amount of the recovery is supported by sufficient evidence, and as the objectionable matter is limited to the opinion of the juror whose conduct is challenged, we cannot see our way clear to reverse the judgment of the lower court.   Evidence as to the value of plaintiff's services was given by lawyers of high standing at this bar, and varies only as to one item or fee of $100 sued for by plaintiff; three witnesses fixing the value at a considerably larger sum, one at $75 and two at $25.   Proof of mere indiscretion on the part of a juror is not sufficient to avoid the verdict; but the proof must show that his wrong is of such a character that prejudice may be presumed.   The conduct complained of was very near the dividing line, but it is not clearly prejudicial.

"Where a new trial is asked for on the ground of misconduct of a juror or of the prevailing party, the finding of the trial court in support of the verdict will not be set aside unless the evidence of misconduct is of a clear and convincing character." *Omaha Fair & Exposition Ass'n v. Missouri P. R. Co.,* 42 Neb. 105.

We therefore recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.