LORENA ATEN, APPELLEE, v. SIMEON J. QUANTOCK ET AL., APPELLANTS.

FILED JUNE 24, 1924. No. 22780.

1. **Appeal:** DIRECTION OF VERDICT. If the evidence is insufficient to sustain a verdict against a party to a civil action, it is error to refuse a request for a peremptory instruction in his favor.

2. ———: REVERSAL AS TO ONE DEFENDANT. Upon appeal, a judgment against two defendants charged with the same tort may be reversed as to one and affirmed as to the other, where the evidence justifies such action.

3. **Assault and Battery:** AFFIRMANCE. In an action to recover damages for an assault and battery, where plaintiff was the aggressor in the first instance, a verdict in his favor may be sustained, if the evidence shows that defendant used more force than was reasonably necessary in repelling the attack and in protecting himself, the use of excessive force being an issue raised by the pleadings.

4. ———: QUESTION FOR JURY. Where there is a conflict of evidence as to whether defendant in an action to recover damages for an assault and battery used more force than was reasonably necessary in repelling an attack upon him by plaintiff in the first instance, the question is one for the jury, if the evidence will sustain a verdict in favor of plaintiff on that issue.

Aten v. Quantock.

5. **Appeal:** NONPREJUDICIAL INSTRUCTIONS. Error in giving or in refusing instructions is not a ground for reversing a judgment, if appellant was not prejudiced by the erroneous ruling.

6. **Trial:** MISCONDUCT OF COUNSEL. While counsel abuses the privileges of advocacy at the peril of his client, such abuse may not require a new trial, if the district court by proper instructions to the jury prevents the adverse party form being prejudiced by such misconduct.

7. **New Trial:** MISCONDUCT OF JURORS. Charges of misconduct on the part of jurors *held* not substantiated by affidavits on motion for a new trial.

8. **Harmless error** in admitting incompetent testimony is not a ground for setting aside a verdict.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed in part, and reversed in part.*

*Claude S. Wilson, George A. Adams* and *Albert S. Johnston,* for appellants.

*Bruce Fullerton* and *T. R. P. Stocker, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and GOOD, JJ.

DAY, J.

Lorena Aten, plaintiff, brought this action to recover from Simeon J. Quantock and Pearl Quantock, his wife, defendants, $35,000 as damages on account of personal injuries resulting from an assault and battery alleged to have been instigated by Pearl Quantock and committed by Simeon J. Quantock. A conspiracy by defendants to commit the wrongful acts charged is also pleaded in the petition. In addition to a denial of the conspiracy pleaded and of any wrongful act on the part of Pearl Quantock, the answer amounts to a plea that Simeon J. Quantock was assaulted by plaintiff, and that in repelling the attack he used no more force than was necessary for his own protection. The reply to the answer was a general denial. Upon a trial of the issues, the jury returned a verdict against both defendants for $1,900, and from a judgment thereon

in favor of plaintiff they have appealed.

One of the assignments is error committed by the district court in failing to direct a verdict in favor of defendant Pearl Quantock. As to her the judgment is erroneous. There is no evidence that she conspired with her husband to assault or otherwise injure plaintiff, or that she instigated or committed any wrongful act. Between her husband and plaintiff, however, there existed an old quarrel. Plaintiff had kept dog kennels on a five-acre tract of land in the outskirts of College View. "Defendant," as Simeon J. Quantock will be called for convenience, had been mayor of College View. During his administration there was passed an ordinance limiting the number of dogs which any one could keep or harbor in the municipality. In the making of this regulation plaintiff seems to have assumed that her property rights had been illegally invaded and that defendant had been prompted by malice toward her. She refused to comply with the ordinance and was arrested for violating it. After giving bond for her appearance in the police court, she went into a bank in College View, with which defendant and his wife were connected, and according to defendant's testimony alternately applied to defendant terms of mock endearment and epithets too vile for decent utterance. At this stage of the controversy the wife of defendant directed him to put plaintiff out of the bank. This proved to be unnecessary, because plaintiff, without the use of force, left upon a request to do so. While she was in front of the bank building defendant came down the steps. He and plaintiff met between the bank and the curb. A fight ensued, in which defendant either struck or pushed plaintiff and she fell backward. Among her injuries was a broken femur. As a result she was confined to a hospital for several weeks. The wife of defendant did nothing to incur liability for plaintiff's injuries. She was not out on the street when the altercation took place, nor did she abet her husband in engaging in the affray. There is nothing in the evidence from which a wrongful act resulting in injury to plaintiff can reasonably be imputed to the wife of defendant. It was error, therefore, to permit

the jury to return a verdict against her.   There should
have been a peremptory instruction in her favor.   Upon
appeal a verdict against two defendants charged with the
same tort may be reversed as to one and affirmed as to the
other, if the evidence justifies such action.

There is also an assignment of error to the effect that the
district court erred in failing to direct a verdict in favor of
defendant Simeon J. Quantock.   The point does not seem
to be well taken.   In the petition he was charged with a
wrongful assault resulting in the injuries of which plaintiff
complains.   In his answer he pleaded that she "rushed
upon him and assaulted him with her hands, her fists and
her hat;" that he "warded off her blows as best he could;"
that in "the melee or combat" he pushed her back from
him, "using no more force than was necessary to protect
himself;" that she fell to the ground, and in that way re-
ceived such injury, if any, as she did receive, all without
his fault, and "all in the reasonable and proper defense of
his person," and "without the use of any more force than
was necessary for his protection" and to ward off her blows.
The allegation that defendant used no more force than was
necessary is denied by the reply.   That question, therefore,
was an issuable fact, considering plaintiff the aggressor
and disregarding scandal, quarrels and epithets in which
the record abounds.   As to the amount of force used by
defendant there is a conflict of evidence.   If the jury be-
lieved the testimony of plaintiff, it may be inferred there-
from that defendant used more force than was reasonably
necessary in repelling the attack alleged to have been made
by plaintiff.   The testimony connected both with prior
scandal and both resorted to proof of collateral facts.   The
credibility of the witnesses and the inferences from their
testimony were questions for the jury.   The evidence of
plaintiff seems to sustain the finding of the jury that de-
fendant used more force than was reasonably necessary
for his own protection.   Resulting damages, as found by
the jury, were proved.   There was therefore no error in
the refusal of the district court to direct a verdict in favor
of defendant.

A reversal is asked on the ground that the plaintiff shammed inability to walk, and permitted her counsel to carry her into and out of the courtroom at each session of the court during the trial. There is nothing in the record tending to show that plaintiff's counsel or any one else carried the plaintiff into the courtroom. This alleged error was not presented to the trial court, and hence cannot be considered by this court.

Rulings in giving and in refusing instructions are challenged as erroneous, but they do not seem to be prejudicial to defendant. Under defendant's answer in connection with the petition and reply, he was liable for any damages shown to have resulted from the use of excessive force in repelling the attack upon him by plaintiff, and the jury were properly instructed on that point. They found against him on sufficient evidence, and the instructions as a whole do not contain reversible error.

Counsel for plaintiff in his closing argument to the jury made a disparaging remark concerning the nature of the evidence in support of the defense, and this also is assigned as error. The remark went a little beyond the bounds of courteous advocacy, but the presiding judge, upon being requested by defendant to remind the jury to disregard it, said: "The jury will be governed by their own inference as to what the evidence is and not take the construction of counsel."

Afterwards the jury were formally instructed orally and in writing: "You should disregard all statements of counsel on either side, unless the same are supported by the evidence."

In view of these admonitions to the jury, which evidently prevented prejudice to defendant, we think the judgment should not be reversed for misconduct of counsel in his closing argument to the jury.

Complaint is made on the ground that one of the jurors stated upon his *voir dire* examination that he knew nothing about the case, but told the other jurors while deliberating upon their verdict that he knew all about the case prior to the trial. There was an attempt to show mis-

conduct of this particular juror by means of affidavits filed after the rendering of the verdict. What the juror said upon his *voir dire* examination was not preserved in the bill of exceptions. The statements in the affidavits were principally hearsay and were insufficient to impeach the verdict. They do not show that this juror's knowledge was at variance with the evidence, that he was biased, or that he misled or influenced other jurors. Though the verdict was unanimous, it could have been rendered by ten jurors. The trial judge heard the *voir dire* examination, considered the affidavits, and upheld the verdict. Under these circumstances we think the record does not show that he abused his discretion or erred in refusing to grant a new trial on account of the misconduct of any juror or jurors.

It is contended that the trial court erred in overruling objections to questions in answer to which the wife of defendant testified on cross-examination that her husband conveyed their homestead to her after this action was instituted. This subject was not gone into on direct examination. While the cross-examination was improper, and while the testimony relating to the transfer should have been excluded, we do not think the error was prejudicial to defendant. His wife had an interest in the homestead without the title to it, and this was implied by other evidence. It was shown that defendant had other property which he did not transfer. In addition, both parties disregarded rules of evidence in resorting to collateral facts which threw no light on any issue to be determined. If each error in receiving inadmissible testimony constituted ground for a reversal, few verdicts would be permitted to stand. This error does not call for a new trial.

No prejudicial error has been found in the proceedings and judgment against defendant. The judgment against Pearl Quantock is reversed and the action as to her is dismissed, she to recover her costs in both courts from plaintiff. The judgment against Simeon J. Quantock is affirmed, he to pay plaintiff the costs which are taxable in her favor in both courts as against him.

AFFIRMED IN PART, AND REVERSED IN PART.

LETTON, J.    Being of opinion that prejudicial eror was committed in the reception of evidence over objections, I dissent.

Note—See Appeal and Error, 4 C. J. p. 969, sec. 2952; p. 1022, sec. 3008; p. 1029, sec. 3013; p. 1048, sec. 3031; p. 1182, sec. 3218; Assault and Battery, 5 C. J. p. 636, sec. 32; p. 688, sec. 135—New Trial, 29 Cyc. p. 981; Trial, 38 Cyc. p. 1503.