AARON B. CLARK, APPELLANT, v. CEDAR COUNTY, APPELLEE.

FILED MAY 8, 1929.   No. 26611.

*Fred S. Berry, H. E. Burkett,* and *J. E. Brittain,* for appellant.

*Clarence E. Haley* and *A. R. Millard, contra.*

Heard before GOSS, C. J. DEAN, THOMPSON, EBERLY, and DAY, JJ., and CHASE and REDICK, District Judges.

DAY, J.

Aaron B. Clark brought this action against Cedar county to recover damages alleged to have resulted from the con-

struction of a highway, which caused water to back up and overflow his land. From a verdict and judgment in favor of Cedar county, the case is appealed.

The appellant is the owner of the north half of section 21, township 28, range 3, east of the sixth P. M., in Cedar county. A natural stream, known as "Baker Creek," flows in an easterly direction across the entire length of the farm. This creek drains the territory to the west, comprising more than 25,000 acres. Along the east line of plaintiff's farm runs the highway, the construction of which he claims obstructs the natural drainage of the flood waters. Prior to 1924, when the flood complained of occurred, the grade of this highway had been raised more than two feet. It is usual in time of heavy rains for Baker creek to overflow on the plaintiff's land, and then to drain east across the highway and flow back into Baker creek at a lower point. On June 25, and August 1, 1924, heavy rains occurred, which caused Baker creek to overflow over plaintiff's land, and the waters became so deep that they flowed over the highway as raised, and thence back into the creek as they had been accustomed to go. The plaintiff complains that, because the grade of the highway had been raised over two feet and on account of failure to provide suitable culverts and spillways over the embankment, the water stood over many acres of his land, damaging his crops and injuring the land. The appellee denied that the flood was caused by the construction of the highway, and claimed that the plaintiff's land was lower than the land upon which the highway was constructed and lower than the land immediately to the east of the highway. Its apparent contention in this matter was that the natural drainage of the water of this flood channel of Baker creek was not across the highway. The appellee also claimed that the damages which the plaintiff suffered were due to conditions over which the defendant had no control, meaning thereby, as indicated by the briefs of appellant and appellee, that the injuries were caused by an "act of God."

There are two assignments of error presented by the plaintiff which we find it necessary to consider. These two assignments of error have to do with two instructions given (by the trial court to the jury concerning the law of the case.

The first instruction of which complaint is made is one wherein the jury are informed as to the legal duty of the county in the construction of a road. It is as follows:

"The jury are instructed that it was the duty of the defendant to so construct and maintain its highway along the east side of plaintiff's land as not to interfere with the natural drainage thereof, and to provide suitable ditches, bridges, culverts or spillways in and across the embankment raised, to allow the ordinary flood waters from plaintiff's land to follow the natural course of drainage.   *   *   * But that it was not required to provide against an extraordinary rainfall or flood."

We believe that the last sentence of the above instruction is a misstatement of the law. It does not correctly state the law with reference to an "act of God." The rule as stated in 27 R.C.L. 1106, sec. 40, is: "The law does not hold anyone to the exercise of extraordinary prevision, and a person obstructing a natural watercourse by the erection of a bridge, dam, railroad embankment, or other structure, is not required to build in anticipation of or preparation for floods or freshets which are not only extraordinary but unprecedented, and cannot reasonably be foreseen, such a flood being in contemplation of law an 'act of God.' " It was the duty of the court to define in a proper instruction what would be regarded by the law in this case as an "act of God." The jury would only then be able to determine whether, under the facts of this case, the flood would be such as to be termed an "act of God."

The county contends that this instruction should be considered together with all the other instructions in the case and if sufficient, when considered in their entirety, then one ought not to be held erroneous. That rule is abundantly established by the cases cited; but, when we attempt to apply it to this case, our difficulty is that it is the only in-

struction or portion of an instruction that deals with the question. Consequently, it is the only statement of the law, within the instructions, relative to this question. Is it a correct statement of the law? In effect the court told the jury that in the building of the road the county was not required to construct a highway with regard to the natural drainage of the land through which it runs, to the extent that it should provide against an extraordinary rainfall or flood. We do not so understand the law. It is the duty of the county to so construct the road that it will not interfere with the natural drainage of the land, as correctly stated by the trial court in this case, which rule was later modified by the erroneous part of said instruction. The evidence in this case supports the claim of the appellant that this water overflowed from Baker creek and across appellant's farm across the road and thence back into the channel of the creek; that this was then the natural flood channel of this creek. In a case where the facts were almost similar, this court, through Letton, J., said in substance that, if overflow waters which flow in an accustomed course through a depression into the same stream at a lower point have their course negligently obstructed by a railroad embankment, the railroad company is liable for damages to crops caused by waters so retained. *Murphy v. Chicago, B. & Q. R. Co.,* 101 Neb. 73. The flood channel of a stream is as much a natural part of it as is the ordinary channel. It is provided by nature, and it is necessary to the safe discharge of the volume of water. *Hofeldt v. Elkhorn Valley Drainage District,* 115 Neb. 539.

Section 2747, Comp. St. 1922, makes the county specifically liable in a case where it so constructs a highway as to damage any person from accumulation of water. The purpose of the court in giving this instruction must have been to submit to the jury the theory of the county that the damage in this case, if any, was caused by such a rain as amounted to an extraordinary manifestation of nature, the occurrence of which could not reasonably have been anticipated or foreseen. The record discloses that the different

witnesses had different ideas as to whether the rains involved in this case were extraordinary ones. The evidence in this case discloses that floods, like this one, were likely to occur annually. We do not think that this instruction informed the jury as to the nature of a storm which would be so extraordinary as to relieve the county from liability for damages resulting from the accumulation of water. Obviously, it is not the duty of the county to drain the land above the highways, but it is the duty of the county not to hold water by the construction of its highways in such a way as to interfere with the natural drainage. Where an instruction assumes to define the whole law of the case, and omits a material element from the definition given, it is reversible error, which may be relied upon, although no proper instruction has been requested by the party seeking to take advantage of the defect. *City of South Omaha v. Hagar,* 66 Neb. 803. "It is the duty of the trial judge to instruct the jury correctly upon the law as applied to the issues presented by the pleadings, if supported by the evidence, whether requested or not." *Hall v. Rice,* 117 Neb. 813.

However, even if this instruction had contained a proper statement of law, the evidence in this case does not justify the giving of such an instruction. The evidence in this case, without contradiction, establishes the fact that there were other rains which brought the water to the top of the grade. It had not been unusual for the water to run over the old road, and the appellee complains only because the road is now higher than formerly, and floods his land more than before.

The so-called cloudburst of August did not flood any more land than the somewhat lesser rain of June. When the water came to a level with the grade it ran over the road and covered no more land regardless of the amount of rain thereafter. Any rain heavy enough to overflow the banks of Baker creek and bring the water to a level with the grade would do as much damage as the most extraordinary flood, so unusual and unforseen as not to have been anticipated

from the general experience of men residing in that vicinity. Again, the record does not disclose that the county made any provision whatsoever for the water running through the flood channel of the creek to pass across the highway. It had apparently made no provision to provide for the natural drainage, even though water often ran over the old road. The reason for raising the grade of the road was to prevent the water running over the road.

The other error of which the appellant complains is the giving of instruction No. 6, and is as follows:

"If you find from the evidence that the lands across which the highway in question was constructed were higher than the plaintiff's land, then plaintiff cannot recover and your verdict should be for the defendant."

For the sake of brevity, we do not discuss this as a correct statement of the law. There can be no question that it is not applicable to this case. The undisputed evidence in this case is that the water under similar circumstances for 37 or more years had been accustomed to run across this road on the land below, and thence back to the channel of the creek. It was proved that some places on appellant's land were lower than the road or the land across the road. This does not refute the fact that this was a natural drain when the water was at a certain level. In fact, ever after the construction of this road, when the water got to a level higher than the road, it followed this channel. The county would not be liable for water that would not drain naturally, but the liability is for the accumulation of water due to the construction of a highway. There is evidence in the record tending to prove that this grade raised the level of the water two or more feet, and it was a question of fact to be submitted to the jury whether this extra accumulation of water had resulted in any damage to appellant. This instruction, not being justified by any issue supported by the evidence, was so prejudicial to the appellant that it is reversible error. *Hitchcock v. Shager*, 32 Neb. 477. This instruction submitted to the jury a question not supported by the evidence. Without any evidence whatever to support the find-

ing, it, in effect, told the jury to determine whether as a matter of fact the natural flood channel of the stream did cross this road. We believe that the plaintiff is entitled to have the question properly submitted to the jury as to whether or not he has been damaged by an accumulation of water upon his land due to the construction of this highway, obstructing the natural drainage of the land. If they find that he has been damaged, then he is entitled to a determination of the amount of damage he may have sustained resulting directly from the accumulation of water caused by the construction of the highway.

For the reasons given, the judgment is reversed and the cause is remanded.

REVERSED.

Note—See Waters, 59 L. R. A. 877; 6 R. C. L. Supp. 252; 27 R. C. L. 1106; 3 R. C. L. Supp. 1546; 40 Cyc. 556 n. 25.