CITY OF SCHUYLER, APPELLEE, V. SYLVIA VERBA, APPELLANT.

FILED FEBRUARY 27, 1931. No. 27585.

*George W. Wertz*, for appellant.

*Wallace S. Porth* and *B. F. Farrell, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

This is an action in the nature of ejectment brought by the city of Schuyler to recover portions of its platted city

streets adjacent to the real estate of the defendant, which, it is. alleged by the city, the defendant is inclosing with fences.

The defendant in her answer, comprising four separate paragraphs, alleged: (1) Admits the corporate existence of the city, and the making of request by it, as alleged in its petition; (2) denies generally the allegations of the petition, except as in such "answer expressly admitted, explained or modified;" (3) alleges "that the petition filed herein does not state facts sufficient to constitute a cause of action;" (4) that the defendant is the owner of all the property in controversy, and in approved form alleges title in herself thereto by adverse possession. To this answer, it appears, a reply was filed.

Trial was had to a jury; verdict for plaintiff; judgment on such verdict entered; and defendant appeals.

The defendant contends that the petition of plaintiff was wholly insufficient, and that the trial court erred in giving certain instructions, among which was one placing the burden of proof of the issue of adverse possession on defendant.

The record discloses that the sufficiency of the petition was not properly challenged by the defendant until after the jury had been impaneled and the introduction of evidence commenced. At this point the defendant interposed a demurrer *ore tenus.*

We do not overlook the fact that the defendant, as her first pleading in the case, had filed a demurrer in proper form, but unfortunately, so far as the transcript discloses, it had never been called to the attention of the district court, nor a ruling had thereon. So too, as already indicated, the defendant had incorporated a general demurrer as paragraph 3 of her answer. But this we are required to wholly disregard. *Damicus v. Kelly, ante,* p. 588; *Kyner v. Whittemore,* 90 Neb. 188; *Pine-Ule Medicine Co. v. Yoder & Eply,* 91 Neb. 78; *Fidelity & Deposit Co. v. Parkinson,* 68 Neb. 319.

As to the effect of the demurrer *ore tenus,* we are committed to the rule that, when interposed after the com-

mencement of the trial, the pleading demurred to will be liberally construed, and, if possible, sustained. *Macrill v. City of Hartington,* 93 Neb. 670.

In the light of the principle last announced, in view of the nature of the property in controversy, the rights of plaintiff therein, and the public duties in reference thereto enjoined by statute, we find no difficulty in approving the action of the trial court in overruling defendant's objection to the evidence.

On the subject of defendant's further contention as to claimed errors of the trial court in its instructions to the jury, it may be said that this court is unanimously of the opinion that the evidence in the record is wholly insufficient to establish continuous adverse possession of the land in dispute by the defendant's predecessors in title between July 1, 1889, and July 1, 1899. But, apart from this, it also appears conceded that Mary Verba on the 17th day of March, 1924, while the undisputed owner in fee of block 6, Clarkson and Dorsey's Addition to Schuyler, Nebraska, caused a plat of the same to be made as provided by sections 17-414 and 17-415, Comp. St. 1929, and caused the same to be filed and recorded as provided by law, and the same has never been vacated. An inspection of this plat discloses that the several lots into which this land was platted comprised, inclusive of the alleys indicated, a compact body of land 640 feet long and 264 feet wide. These dimensions coincide with the boundaries of block 6 as originally platted in 1881. It is to be noted that the plat of 1881 (block 1 to 8, inclusive, Clarkson and Dorsey's Addition to Schuyler, filed July 26, A. D. 1881) was admitted in evidence on the express admission of the defendant, made at the trial, "that this is a true and correct record of the plat of a portion of the city of Schuyler."

Surrounding the land thus shown on the plat of 1924, as continuous boundaries on the four sides thereof, appears the word "street." Thus, the plat of 1924, in connection with the abstract also in evidence, sustain the conclusion that all land owned or claimed by Mary Verba, situate contiguous to original block 6 and within the limits of the

public streets, if any such there was, was by that act effectually rededicated to the public. Indeed, the statute expressly provides: "The acknowledgement and recording of such plat is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets." Comp. St. 1929, sec. 17-416. See, also, *Jaynes v. Omaha Street R. Co.*, 53 Neb. 631; *Gregory v. City of Lincoln*, 13 Neb. 352; *Ehmen v. Village of Gothenburg*, 50 Neb. 715.

Sylvia Verba, the defendant, claiming title pursuant to a conveyance by Mary Verba executed subsequent to the recording of the plat of 1924, is thereby limited to block 6 as the same appears on that plat.

It follows, in view of these admitted facts, that at the close of the evidence the plaintiff was entitled to a directed verdict in its favor. Therefore, no error of the court, if error there was in instructions given, could in any manner become material to the issues involved in the case. *Fellers v. Howe*, 106 Neb. 495. The verdict of the jury and judgment of the court are therefore approved and

AFFIRMED.