JAMES R. CROFT ET AL., APPELLANTS, V. SCOTTS BLUFF COUNTY, APPELLEE.

FILED JUNE 5, 1931. No. 27662.

*Raymond & Fitzgerald*, for appellants.

*Floyd E. Wright* and *Rush C. Clarke, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This action was instituted by the plaintiffs against Scotts Bluff county to recover damages to their crops, as itemized and set forth in their petition. It is alleged that these damages were occasioned in the following manner: In the year 1921 a steel concrete bridge about 500 feet in length was constructed across the North Platte river south of the village of Morrill; that since 1923 the plaintiffs owned land north of that river, adjoining the same, and situated on both the east and west sides of the public road leading to the bridge from the north; that immediately prior to the construction of this bridge the waters of the North Platte river were flowing in a number of distinct channels, into which that river had divided at a point some distance west of plaintiffs' land, and all of which merged again into a single channel at some distance east of plaintiffs' land; that as part of the construction of this bridge the south channel of the North Platte river at this point was dammed, and thereby all the waters theretofore carried in that channel were forced into the north channel, and thereby caused to flow under the bridge in such channel; that as thus constructed the passageway of the waters of the river under the bridge was materially decreased in size and was insufficient to afford a proper outlet for such waters during seasons of high water, and in May or June, 1928, and in May or June, 1929, wholly due to the insufficiency of the new channel thus created, the waters therein were backed up and overflowed plaintiffs' land, causing the water table therein to rise under plaintiffs' land, and because of such overflow and rising of the water table, the crops of plaintiffs thereon were damaged in an aggregate sum of $3,960.

The defendant county, in its answer, denied generally the allegations of the petition, set forth as affirmative mat-

ter the due and proper construction of the bridge, a plea of the statute of limitations, and that such flood causing the damages set forth in plaintiffs' petition, if such there were, was properly to be considered as an act of God. To this answer the plaintiffs filed their reply in the nature of a general denial.

There was a trial to a jury, verdict for defendant, and from the order of the trial court overruling the motion for a new trial the plaintiffs below appeal.

It appears conceded from the record that the plaintiffs became owners of the land in 1923, two years after the completion of the improvement.

The general rule appears to be: "Damages for the taking of land or for the injury to land not taken belong to the one who owns the land at the time of the taking or injury, and they do not pass to a subsequent grantee of the land, except by a provision to that effect in the deed or by separate assignment." 20 C. J. 858. The record is silent as to any such "provision to that effect in the deed" or as to a "separate assignment" as such. Therefore, the existence of neither can be assumed, but both will be presumed not to exist. *Chicago, R. I. & P. R. Co. v. Shepherd,* 39 Neb. 523. The general rule above quoted, as to the right to damages sustained, has been approved in this jurisdiction. *Chicago, B. & Q. R. Co. v. Englehart,* 57 Neb. 444; *Chicago, R. I. & P. R. Co. v. Shepherd,* 39 Neb. 523; *Hogsett v. Harlan County,* 4 Neb. (Unof.) 309.

As to whether, under the rule announced, the plaintiffs may maintain their action for damages under the constitutional provision (Const. art. I, sec. 21), for injuries having their origin in point of time as well as arising from conditions wholly created prior to the acquirement of title by them, *quære.*

However, in the present case the recovery sought involves damages to crops on the land only and not damages to the land itself.

Indeed, in the present record, we have controlling facts

substantially identical, in legal effect, with those involved in *Fairbury Brick Co. v. Chicago, R. I. & P. R. Co.*, 79 Neb. 854. In the case last cited this court announced the governing rule as follows: "Although a rainfall may be more than ordinary, yet, if it be such as has occasionally occurred at irregular intervals, it is to be foreseen that it may occur again; and a party engaged in a public work, the construction of which involves the change or restraint of the flow of water in a natural channel, is guilty of negligence if he fails to make reasonable provision for the consequences that will result from such extraordinary rainfalls as experience shows are likely to occur."

The plaintiffs in their petition having pleaded that the defendant in the instant case "in the construction of said bridge and grade * * * carelessly and negligently * * * so constructed said highway across the said North Platte river as to entirely obstruct the flow of the water in the south channel of said river by means of the highway grade above referred to," and also by means of a dam contemporaneously built as a part of such public improvement, did so diminish the capacity of said open channel of the North Platte river as to cause said waters to overflow plaintiffs' land, and injure the crops thereon to plaintiffs' damage. By these allegations, plaintiffs, so far as pleading was concerned, placed themselves squarely within the doctrine of the case of *Fairbury Brick Co. v. Chicago, R. I. & P. R. Co., supra*. The only substantial difference between the two cases is to be found in the fact that in the *Fairbury Brick Company* case there was as defendant a private corporation, and in the instant case we have as defendant the county of Scotts Bluff. This difference was eliminated, however, when the legislature enacted chapter 290, Laws 1921, "relating to damages resulting to property from the accumulation of water due to the construction or repair of any bridge, culvert or highway due to the fault, neglect or oversight of the board of county commissioners," etc. These provisions now appear as section 39-833, Comp. St.

1929. By the terms of this enactment counties are made responsible for "any special damage" occasioned by the "accumulation of water due to the construction or repair of any bridge, culvert or highway due to the fault, neglect or oversight of the board of county commissioners." This statute was construed and applied in *Clark v. Cedar County*, 118 Neb. 465. It would seem, in the light of the doctrine announced in that case, its provisions are controlling here.

And it is to be noted that the same conclusion is arrived at if the causes of action set forth by plaintiffs be deemed to be wholly based on section 21, art. I of the Nebraska Constitution. Assuming that the rights of plaintiffs are created and preserved by virtue of the constitutional provision referred to, still, "The legislature has power to formulate, prescribe, enlarge, modify and alter remedies, provided, however, that it does not, under the guise of a statute relating to procedure, attempt to deprive any person of a right secured to him by the Constitution." 12 C. J. 825. This is the obvious purpose of section 39-833, Comp. St. 1929. True, in this aspect of the case, it in terms prescribes a limitation as to the time in which the right conferred by the constitutional provision in question is to be enforced, in the following words: "Provided, such action is commenced within ninety days from the time of the injury or damage to property so occurring." However, the enactment of reasonable statutes of limitations is one of the undoubted legislative powers. So, whether section 39-833 be conceived as creating a new right and imposing a new obligation or liability on counties, or merely as relating to procedure for the enforcement of the rights created and preserved by section 21, art. I of the Nebraska Constitution, its provisions, including the limitation prescribed, are controlling and must be complied with.

It seems to be conceded, at least in arguments at the bar, that the present action was not instituted by the plain-

tiffs in the district court within ninety days from and after the time of the injury or damage to the property. A demurrer *ore tenus* was interposed by the defendant in the form of an objection to the introduction of evidence, based on this ground, which appears to have been seasonably made and in effect substantially overruled. Upon due consideration we are of the opinion that the causes of action set forth in plaintiffs' petition are each barred by the lapse of time. The objections made, therefore, if we are correct as to conceded facts in the instant case, should have been sustained. It also follows that, irrespective of what we might deem the merits of this action had the jurisdiction of the district court been more promptly invoked, in view of the actual situation presented the determination made by the trial jury is the only one possible.

The verdict of the jury and the judgment of the district court entered thereon are therefore correct, and are

AFFIRMED.