FRED SCHWANK, APPELLEE, V. COUNTY OF PLATTE,
APPELLANT.

40 N. W. 2d 863

Filed January 27, 1950.   No. 32703.

*Arthur W. Kummer* and *Byron W. Reed,* for appellant.

*Wagner & Wagner,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, a tenant in possession of described farm lands, brought this action to recover damages to his property and crops resulting from floodwaters allegedly cast thereon by defendant's faulty and negligent construction of a graded county highway, which diverted and obstructed the natural flow of intercepting watercourses.

Defendant for answer demurred to paragraph 5 of plaintiff's petition, denied generally, and alleged in effect that plaintiff's damages, if any, were caused by rainfall so unusual, unprecedented, and extraordinary as to constitute an act of God.

Upon trial to a jury, plaintiff was awarded a verdict and judgment thereon for $490.50. Defendant's motion for new trial was overruled, and it appealed, assigning substantially that the trial court erred: (1) In overruling defendant's demurrer to paragraph 5 of plaintiff's petition; (2) in giving instruction No. 8, which defined and prescribed the application of an act of God; (3) in permitting plaintiff to amend his petition just prior to the conclusion of his testimony; (4) in refusing to grant a new trial for misconduct of jurors; and (5) that the verdict and judgment are not sustained by the evidence. We conclude that the assignments should not be sustained.

With regard to the first assignment, it has long been the rule that when the claimed defect appears upon the face of the petition, "A demurrer to the petition is not, by the provisions of our code of practice, a proper part of the answer filed in a case, and should be disregarded." Fidelity & Deposit Co. v. Parkinson, 68 Neb. 319, 94 N. W. 120; Damicus v. Kelly, 120 Neb. 588, 234 N. W. 416; City of Schuyler v. Verba, 120 Neb. 729, 235 N. W. 341; Peterson v. Wahlquist, 125 Neb. 247, 249 N. W. 678, 89 A. L. R. 747; Hadley v. Corey, 137 Neb. 204, 288 N. W. 826.

Further, as applicable here, this court only recently

held that: "A single paragraph of a statement of a cause of action is not subject to demurrer on the ground that it does not state a cause of action if the pleading as a whole states a cause of action." Joiner v. Pound, 149 Neb. 321, 31 N. W. 2d 100.

The foregoing rules are controlling in the case at bar, and, contrary to defendant's contention, dispose of the assignment.

An examination of the record discloses that instruction No. 8, given by the trial court, about which defendant complains, was not assigned as error in its motion for new trial. Therefore, the asignment is controlled by the rule that: "Alleged errors of the trial court in an action at law, not referred to in the motion for a new trial, will not be considered in this court." Pennington County Bank v. Bauman, 81 Neb. 782, 116 N. W. 669; Joiner v. Pound, *supra;* Weber v. Kirkendall, 44 Neb. 766, 63 N. W. 35. It is sufficient for us to say that we have examined instruction No. 8 and conclude that it was not a plain error unassigned but in fact substantially conformed with every element required by Clark v. Cedar County, 118 Neb. 465, 225 N. W. 235, and Webb v. Platte Valley Public Power & Irrigation District, 146 Neb. 61, 18 N. W. 2d 563.

After almost all of plaintiff's evidence had been received without any related objections thereto, the trial court permitted plaintiff, over defendant's objection, to amend paragraph 6 of his petition in conformity with the evidence, by alleging substantially that there was washed away specified mature grain standing in shocks, rather than drowned out specified mature standing grain, as previously alleged. In that connection, the record does not disclose that defendant's rights were prejudiced in any manner by the amendment, which we conclude did not change the cause of action.

Among other things, sections 25-852 and 25-853, R. R. S. 1943, permit the amendment of pleadings either before or after judgment, by conforming them to the facts

proved when the amendment does not change substantially the claim or defense. They direct the court at every stage of an action to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and provide that no judgment shall be reversed or affected by reason of such error or defect. Gergen v. The Western Union Life Ins. Co., 149 Neb. 203, 30 N. W. 2d 558.

In Zelen v. Domestic Industries, 131 Neb. 123, 267 N. W. 352, this court held: " 'By the phrase "cause of action," * * * is meant, not the formal statement of facts set forth in the petition, but the subject-matter upon which the plaintiff grounds his right of recovery.' " In Myers v. Moore, 78 Neb. 448, 110 N. W. 989, relied on therein, it was said: " 'So long as the court can see that the identity of the cause of action is preserved, the particular allegations of the petition may be changed, and others added, in order to cure imperfections and mistakes in the manner of stating the plaintiff's case.' " See, also, Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 8 N. W. 2d 545; Robinson Outdoor Advertising Co. v. Wendelin Baking Co., 145 Neb. 112, 15 N. W. 2d 388; Louis Hoffman Co. v. Western Smelting & Refining Co., 150 Neb. 524, 34 N. W. 2d 889. We conclude that the trial court did not err in permitting the amendment.

At the conclusion of all the evidence the jury, as requested by the parties, viewed the premises. While there, and in a recess during the trial, as reflected by the affidavits of four jurors filed by defendant in support of motion for new trial, two other jurors allegedly made comments based upon their own personal knowledge. One such affidavit was equivocal as to who made the alleged statement. No affiant in such affidavits stated that he had been in any manner influenced by the purported statements, and one such statement related to a matter not in dispute or material to the issues.

In that connection, plaintiff offered four counter affidavits, two of which were given by the two jurors who

purportedly made the statements, and the others by two of the same jurors who had given affidavits to defendant. The latter two stated that in arriving at decision, they were not influenced in any manner by any remarks or actions of any other juror, and one of them materially qualified his former affidavit. One of the first jurors aforesaid denied categorically that he ever made any statement of any kind as equivocally charged by defendant, and stated that his decision was reached entirely upon the evidence and instructions. The other juror denied that she ever made any statement regarding any disputed fact or had in any manner by her conduct attempted to influence the other jurors. However, she admitted that she did say that she had taught school six miles south of the premises and that then the old road used to run here, indicating by a wave of her hand. That matter was not in dispute or material to the issues.

Such situations are controlled by well-established rules of law. Charges of misconduct by jurors must be substantiated by evidence on motion for new trial. Aten v. Quantock, 112 Neb. 288, 199 N. W. 551. The misconduct complained of must relate to a matter in dispute relevant to the issues in the case, and must have influenced the jurors in arriving at a verdict. Carpenter v. Sun Indemnity Co., 138 Neb. 552, 293 N. W. 400. Also, a statement by a juror of his personal knowledge of a fact not in dispute and not material to the issues is not ordinarily misconduct requiring a new trial. Douglas v. Smith, 75 Neb. 169, 106 N. W. 173. Proof of mere indiscretion in the conduct of a juror is not sufficient to avoid a verdict unless the proof establishes that his conduct was of such character that prejudice may be presumed. Wessel v. Bishop, 76 Neb. 74, 107 N. W. 220. When a new trial is sought upon the ground of misconduct of a juror, the finding of the trial court will not be set aside unless the evidence of misconduct is clear and convincing. Wessel v. Bishop, *supra;* Omaha Fair & Exposition Assn. v. Missouri P. Ry. Co., 42 Neb. 105, 60 N. W. 330.

This court has only recently reaffirmed the rule that where a motion for new trial presents a question or questions of fact which are in dispute, the trial court becomes the judge of such questions of fact, and his decision thereon will not be disturbed on appeal unless clearly wrong. Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772; Sang v. Beers, 20 Neb. 365, 30 N. W. 258. We conclude that the trial court did not err in its refusal to grant a new trial for the alleged misconduct of jurors.

Finally, we come to the question of whether or not the evidence was sufficient to support the verdict and judgment. Preliminary to a discussion thereof, we call attention to certain applicable rules of law.

Plaintiff's petition was concededly filed within the time required by section 39-809, R. S. 1943, which by its terms makes counties responsible for "any special damage" occasioned by "the accumulation of water due to the construction or repair of any bridge, culvert or highway, which the county * * * is liable to construct or keep in repair, through the fault, neglect or oversight of the board of county commissioners * * *." Such statute was construed and applied in Clark v. Cedar County, *supra,* and Croft v. Scotts Bluff County, 121 Neb. 343, 237 N. W. 149.

It is well established that water flowing in a well-defined watercourse cannot be lawfully diverted and cast upon the lands of another to his damage, where it was not wont to run in the course of natural drainage. Leaders v. Sarpy County, 134 Neb. 817, 279 N. W. 809; Born v. Keil, 146 Neb. 912, 22 N. W. 2d 175; Andersen v. Town of Maple, 151 Neb. 103, 36 N. W. 2d 620; Jack v. Teegarden, 151 Neb. 309, 37 N. W. 2d 387.

Also, as held in Stocker v. Wells, 150 Neb. 51, 33 N. W. 2d 445: "The flood channel must be considered as a part of the channel of the stream and no structures or other obstructions can be placed in its bed which will have a

tendency to dam the water back upon the property of upper riparian or adjacent owners.

"The owners or proprietors of lands bordering upon either the normal or flood channels of a natural water-course are entitled to have its water, whether within its banks or in its flood channel, run as it is wont to run according to natural drainage, and no one has the lawful right by diversions or obstructions to interfere with its accustomed flow to the damage of another."

As held in Webb v. Platte Valley Public Power & Irrigation District, *supra:* "It is the duty of those who build structures across natural drainways to provide for the natural passage through such obstructions of all waters which may be reasonably anticipated to drain there, and this is a continuing duty."

By analogy from the afore-cited cases, in an action for damages under section 39-809, R. S. 1943, if the evidence shows that all the damages claimed were caused by accumulation of wrongfully diverted or obstructed flood-waters, without any commingling of damages by waters from other sources, then it is sufficient to sustain a verdict, and if no error appears in the proceedings, a judgment thereon will be affirmed upon appeal.

Admittedly, the road in question was a county high-way which defendant was liable to construct or keep in repair.

An examination of the record discloses competent evidence adduced by plaintiff from which a jury could reasonably have concluded as follows: Plaintiff was a tenant in possession of the property involved since 1946. On March 1, 1947, and thereafter on July 19, 1948, when his alleged loss occurred, plaintiff was such tenant under a written lease obligating him to pay two-fifths of the crops raised, and keep the fences in repair. The land lies in two sections, and in March or April, 1947, defendant constructed a highway and graded a roadbed east and west across the land on the dividing line between such sections. The grade was 3.2 to 6.7 feet higher than the

natural ground level. It was intercepted by a bridge 78 feet long by 20 feet wide, with 23 feet clearance over and across Loseke Creek, which was fed by a large drainage area upstream from the north. A bridge 16 feet long by 20 feet wide, with 4.5 feet clearance thereunder, was constructed over the east flood channel of Loseke Creek about 475 feet east of the larger bridge. Neither bridge was sufficient or adequate to carry the water when Loseke Creek reached flood stage.

There was also a natural drainway or flood channel to the west of the larger bridge, and some distance north of the grade, which flowed in a southwesterly direction and thereafter entered Loseke Creek south of the grade, which was completely obstructed by the grade, without any bridge or other opening. In other words, a watercourse on the east side of plaintiff's farmstead had an inadequate bridge constructed over it, the one on the west thereof, where the water was first wont to drain away, was completely obstructed by the grade, and Loseke Creek proper had an inadequate bridge. As a result, on July 19, 1948, after a heavy rain, such as had previously occurred, the water piled up and accumulated against the grade almost from hill to hill on the north side two and one-half to five feet higher than the water on the south side, until it eventually flowed out over the top of the grade over a wide area. The obstructed waters north of the grade completely inundated plaintiff's farmstead located on the east side of Loseke Creek, flooding his basement, hen houses, barn, flattening his fences, drowning his chickens, washing out his north and south farmstead approaches over the grade, and washing away and destroying his three-fifths share of certain specified wheat and oats standing in shocks. Competent evidence discloses that the amount of damages caused thereby was $520.50, no item of which was controverted by any direct evidence offered by defendant. Defendant did, however, controvert plaintiff's right to recover one small item thereof, resulting from the destruction and re-

placing of his farmstead approaches, by demurrer in his answer, heretofore disposed of, but made no objection to plaintiff's evidence with relation to such item, and did not raise the question in any other manner during progress of the trial.

It was undisputed that a flood of like proportions occurred in 1947, whereat the water went over the grade in a similar manner. However, plaintiff's claim here was only for damages sustained on July 19, 1948. There was ample evidence to support the conclusion that all the damages claimed by plaintiff were proximately caused by the grade and the inadequate bridges constructed by defendant, from waters thus wrongfully diverted and obstructed, without any commingling of damages by water from other sources. We conclude that the evidence was amply sufficient to sustain the verdict and judgment, and that the trial court properly overruled defendant's motion for new trial.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.